PAUL SINCLAIR and URIAH THOMPSON, Respondents, *v.* J. C. WOOD and DANIEL C. WOOD, Appellants.

It is error to admit evidence to prove partnership by general reputation.

It is error to admit letters in evidence without proving that they were written by the party intended to be charged by their contents.

APPEAL from the Third Judicial District.

This was an action brought for the recovery of the value of a quantity of potatoes, sold by plaintiffs to defendants, as partners, on the 28th September, 1851, alleged to be of the value of $1925 50, of which plaintiffs admit payment of $941 18, and claim the balance of $984 40. The payment admitted was made in *gunny-bags* (so called).

The summons was returned "served on J. C. Wood;" "defendant D. C. Wood, not found."

J. C. Wood answers, and denies the facts stated in the complaint, and specially denies that there is any balance or any sum due from defendants to plaintiffs, and by way of objection to the complaint further says, that the said plaintiffs are not the real parties in interest, and that there is a defect of parties, and prays judgment, &c.

The demurrer was afterwards withdrawn, and the cause tried by a jury, who found for plaintiffs, $984 40; and judgment rendered accordingly, from which defendants appealed, and also from the order refusing a new trial, which had been moved by defendant.

In the course of the trial a witness (Clough), was called, who swore that defendants were *reputed* to be partners in purchasing and selling produce; that witness run a brig in September

and October, 1851, of which J. C. and D. C. Wood were the reputed owners; that J. C. Wood had paid witness as master of the vessel. That plaintiffs had sold a quantity of potatoes to D. C. Wood, which was delivered by the brig. Did not know that credit was given to D. C. & J. C. Wood. J. C. Wood paid witness as master of the brig; witness had carried letters and money from J. C. to D. C. Wood; brought down in September and October, 1851, $1000, of which sum $200 were paid for the potatoes purchased of plaintiffs.

J. C. Wood did the business of the vessel as consignee, whose duty it was to pay the officers and men. D. C. Wood was master of the brig before witness took her. J. C. was the consignee of the cargo. Defendants are brothers.

Another witness swore that he had seen letters brought by last witness, and delivered to D. C. Wood at witness's house, in September and October, purporting to be from J. C. Wood,— and so stated by Clough—to D. C. Wood. D. C. Wood while at witness's house had received letters purporting to be from his brother J. C. The letters were left at witness's house, who after looking at them destroyed them. The letters brought by Clough (the former witness), instructed D. C. Wood to buy potatoes at a certain price, and keep the vessel running. The proof of the letters was objected to on the ground that there was no proof that they were written by J. C. Wood. The objection was sustained by the court, except as to the letter delivered by Clough, which was admitted, to which exception was taken by J. C. Wood's counsel.

On cross-examination, the witness said one of the letters brought by Clough, referred to $1000 sent by Clough to pay for some potatoes D. C. Wood had bought; does not know whether before or after the purchase from plaintiff. The two Woods were represented to be partners in the brig, as well as in the purchase and sale of produce.

Some further testimony of like character was given, when the evidence of the case was closed; and J. C. Wood's counsel moved for a nonsuit, as to him, on the grounds that no liability was shown, as to him, nor no evidence of partnership between

him and D. C. Wood, so as to charge him with the acts of the latter; which the court overruled, and defendants excepted.

The case was given to the jury, and the verdict and judgment were rendered, and this appeal taken, as stated above.

*Hacket* and *Judah*, for appellants.

*Whitney* and *Gregory*, for respondents.

For appellants, it was argued that general reputation was not admissible as evidence of a partnership; or, if admissible, not sufficient. Collyer on Partnership, sect. 777, p. 676; 20 Wend. 81; 3 Hill, Smith *v.* Griffith.

The admission of the contents of letters, to prove a partnership against J. C. Woods, which were not shown to be his, but only said to be, was error.

The admission of illegal testimony, in the least degree bearing upon the merits of the case, if objected to, is error. 1 Comst. 521.

There is no brief for respondents on file.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

Evidence was allowed on the trial to prove a partnership by general reputation.

The contents of letters were also permitted to be given in evidence, without proving that they were written by the party who was to be charged by their contents.

These errors are so manifest, that their statement alone is sufficient to show that the judgment in this cause must be reversed, and the cause remanded.

Ordered accordingly.