## HUDSON *v.* SIMON *et al.*

In an action of *assumpsit* against a firm, where the answer of one of the defendants denies that he was a member of the firm, it is error to admit in evidence, as against that defendant, a letter admitting the indebtedness, signed in the firm name, without proof that defendant wrote the letter, or authorized it to be written.
Partnership must be proved, like any other fact, and cannot be established by mere surmise or inuendo.

APPEAL from the Superior Court of the City of San Francisco.

This was an action brought against Ulrich Simon and D. Simon for goods, wares and merchandise, purchased of plaintiff by defendants, doing business as " Simon & Bro."

The defendants answered severally, both denying that U. Simon was a member of the firm or indebted to plaintiff for the goods. The an-

swer of D. Simon admits that he and C. Simon are indebted to the
plaintiff, as alleged in the complaint.   The amount claimed is $966,
being a balance of an account for goods sold to Simon & Bro., from May
to September, in the year 1854.

On the trial, plaintiff proved by his clerk that in 1852, C. Simon
came into plaintiff's store to buy goods as agent of U. Simon, and that
the plaintiff refusing to sell goods to him without seeing his principal,
U. Simon came to the plaintiff's store and said that he was doing busi-
ness in Sacramento, and that he would pay for any goods that might be
bought by C. Simon for him.

The plaintiff, under the exception of defendant, read in evidence the
following letter:

"SACRAMENTO, April 13, 1854.
"Mr. C. HUDSON, San Francisco:

"Dear Sir—Enclosed we beg to hand you a draft on Burgoyne &
Co. for one hundred and fifty dollars, which you will kindly place to
our credit, and oblige very much.
                    "Yours, very respectfully,
                              "SIMON & BRO.,
                         "Late U. Simon & D. Simon."

The same witness then testified that on the receipt of this letter, the
remittance accompanying it was applied to the credit of U. Simon, in
whose name the account had heretofore stood, but that after receiving
the letter, they charged the account to Simon & Bro.; the same agent,
C. Simon, buying all the goods, and neither he nor U. Simon ever inti-
mating that his agency had ended.

The plaintiff then called C. Simon, who testified that he wrote the
above letter, but that he did not think that he wrote the words, "Late
U. Simon and D. Simon," because the fact was not so; that witness
and D. Simon were partners, but U. Simon was not.

The jury found a verdict for the plaintiff.   Defendants moved for a
new trial, which was overruled, and defendants appealed.

*Crockett & Page* for Appellant.

It was error to admit the letter signed "Simon & Bro., late U. Simon
and D. Simon," written by C. Simon.   There was no evidence to show
that U. Simon gave any authority to write such a letter, or ever was
connected in business with D. Simon.   The declarations of C. Simon
to plaintiffs, of partnership between the defendants, under the style of
Simon & Bro., would have been as competent as that letter.

The authority given by U. Simon to C. Simon was to buy of plaintiff
goods for U. Simon, and not for him *and* anybody else.   C. Simon had
no power to form partnerships for U. Simon.   He had the single power
of buying goods from plaintiff for U. Simon.

What right had plaintiff to close the account of U. Simon, and then
charge him, with D. Simon, under the style of Simon & Bro.   All the

items are in May, after the letter. It was the folly of plaintiff to trust Simon & Bro., without knowing who they were. When C. Simon first applied to buy goods for U. Simon, plaintiff was particular enough to inform himself before he sold; he ought to have continued his proper care.

*Channing G. Fenner* for Respondent.

1. The complaint charges the defendants as *copartners,* to wit: U. Simon and D. Simon, with having purchased the goods of plaintiff.

2. No defence is made by defendant, D. Simon. U. Simon denies, in his answer, the partnership and indebtedness.

3. The questions presented were purely those of fact, and passed upon by the jury.

4. The Court will not disturb the verdict of the jury, when the same is founded upon facts properly submitted to them.

5. The appellate Court will not disturb the order of an inferior Court in granting or refusing a new trial, unless manifest error shall appear. Bartlett *v.* Hogden, 3 Cal. Rep., 55. Nowhere the decision of the Court is upon mere questions of fact. 3 Cal., 42.

6. This Court has always refused to interfere with the verdict of a jury where the evidence is dubious or conflicting, nor will it interfere with the discretion of the Court below in granting or refusing a new trial. 4 Cal. R., 104; 2 Cal. R.

Mr. Justice Heydenfeldt delivered the opinion of the Court. Mr. Chief Justice Murray and Mr. Justice Terry concurred.

The admission, in evidence, of the letter to the plaintiff, signed " Simon & Bro.," without any proof that it was written by U. Simon, or was in his handwriting, or that he authorized it to be written, was clearly erroneous.

It would be a hard case to make one liable as a partner upon the mere unauthorized statement of a third person. Partnership must be proved like any other fact, and cannot be established by mere surmise, suspicion, or inuendo. The same point was decided by this Court in Sinclair *v.* Wood, 3 Cal. Rep., 98.

The judgment is reversed, and the cause remanded.