## Case No. 2,032.
### BROWN v. UNITED STATES.
[1 Woolw. 198;¹ McCahon, 229; 1 Kan. 624.]

Circuit Court, D. Kansas. May Term, 1868.

APPEAL—MODE OF CARRYING CONFISCATION CAUS-ES TO REVISORY COURT—EFFECT OF PARDONS BY THE PRESIDENT—PLEADING A PARDON.

1. The supreme court in Armstrong's Found-ry, 6 Wall. [73 U. S.] 766, has held that confiscation causes are not admiralty cases, al-though the proceedings therein are by statute assimilated to the admiralty practice. They are, like other seizures on land, common law cases, and are to be removed into revisory courts by writs of error.
> [See Semple v. U. S., Case No. 12,661; The Confiscation Cases, Id. 3,097; U. S. v. Athens Armory, Id. 14,473; Ex parte Gra-ham, 10 Wall. (77 U. S.) 541.]

2. A party accepting and pleading a pardon in a judicial proceeding admits that he is bound by the conditions mentioned therein.

3. The supreme court has not formally declared its opinion upon the effect of such pardons, but in two instances of cases pend-ing, it has permitted them to plead.

4. But there is no difference of opinion among the judges, that they restore forfeited property to the party dispossessed thereof by the offence so pardoned, subject to exceptions mentioned therein, and also excepting property vested, by judicial proceedings, in other par-ties.
> [Cited in Re Jayne, 28 Fed. 422.]

5. Until an order is made for the distribu-tion, or for payment to the informer, or into the treasury of the United States, no vested

right has attached, which prevents a restora-tion of the proceeds to the owner.
> [See Knote v. U. S., 95 U. S. 149; Wallach v. Van Riswick, 92 U. S. 202; Chaffraix v. Shiff, Id. 214.]

6. A party whose property had, by the judgment of the court, been confiscated and sold, but the proceeds of which had not yet been distributed, asked of the district court leave to file a petition alleging a pardon for the offences on account of which the proceed-ings were had, and praying an order directing payment to him of money in the hands of the marshal. That court having refused the leave, the circuit court, on writ of error, reversed its order in that behalf, with directions to re-ceive the petition and proceed to hear the same.

On writ of error and appeal [from the dis-trict court of the United States for the dis-trict of Kansas].

[Edward S.] Brown, having engaged in the late Rebellion, became subject to the penal-ties of the confiscation acts, and proceedings were had by which his property had been forfeited and sold. While the proceeds of the sale remained in the hands of the mar-shal undisposed of by any order of the court, he presented his petition to the district court in which the process was had, alleging a par-don, bearing date after the judgment of for-feiture, granted to him by the president of the United States, for the offences charged against him in the information.² The par-don was expressed to be operative upon his acceptance of certain conditions therein men-tioned, two of which are set forth in haec verba in the opinion. The petitioner avers that he has complied with these conditions. The relief prayed for is that the proceeds of the property in the marshal's hands be paid to him. The district court refused to permit this petition to be filed. A bill of exceptions was duly taken to this and other rulings of the court, and the cause was brought to this court both by notice of appeal and by writ of error. [Reversed.]

MILLER, Circuit Justice. The supreme court of the United States decided, at its term just closed (Armstrong's Foundry, 6 Wall. [73 U. S.] 766), after full argument and consideration, that proceedings under the acts for the confiscation of property on account of acts done or permitted in aid of the late Rebellion, were not admiralty cases, although the statute required that they should conform, as far as possible, to the forms and [modes of]³ the practice in ad-miralty. The court held that they were, in their essence, common law cases, like other revenue seizures on land; and that the mode of bringing such cases into a revisory court,

---

⁴ [Reported by Hon. William Cranch, Chief Judge.]

¹ [Reported by James M. Woolworth, Esq., and here reprinted by permission.]

² NOTE [from 1 Kan. 624]. See, in connec-tion with this case, Osborn v. U. S., 91 U. S. 474. An action on a forfeited recognizance may be maintained, although the governor may have pardoned the defendant, after sentence in the criminal action, and before final judgment on the forfeited recognizance. Weatherwax v. State, 17 Kan. 427.

³ [From 1 Kan. 624.]

was a writ of error. Under this ruling, this appeal must be dismissed.

The case remains, however, to be heard in this court on the matters properly presented by the writ of error. The bills of exception present several points of alleged error, some of which are mere irregularities. and others are supposed to go to the jurisdiction of the district court [over the whole case].[4] In the view which I take of the case, it is only necessary to consider one of these points, that which relates to the plea of pardon.

On the 11th day of April, 1866, the plaintiff in error presented to the district court a petition, in which, among other things, he sets forth a pardon by the president for the offences which are the grounds of the proceeding against the property which is the subject of it. This pardon, he alleges, was duly accepted by him, and all its conditions complied with. Among the conditions of the pardon are two pertinent to the case before us: 1. That said Edward S. Brown pay all costs which may have accrued in any proceedings instituted or pending against his person or property before the date of the acceptance of this warrant. 2. That the said Edward S. Brown shall not, by virtue of this warrant, claim any property, or the proceeds of any property, that has been sold by the order, judgment, or decree of a court, under the confiscation laws of the United States. By accepting this pardon, and by relying on it in court, the plaintiff admits, that the costs incurred in this case should be paid by him, and he avers in his petition that they have been paid out of the proceeds of the forfeited debts brought into court by its order. This he consents to, and relies upon as a compliance with the first condition above recited. He is, therefore, not entitled to contest the validity of these proceedings, so far as any part of the money realized from them has been appropriated to the payment of legal costs therein.

What effect, then, has the president's pardon upon his rights to the property confiscated by the decree of the district court? I do not propose in this place to consider the effect of a pardon by the president on the rights of property in such cases. It is sufficient for me to say, that the effect of such a pardon has been several times fully and ably argued before the supreme court, and that, by its order, they have, in two instances, been pleaded in that court, in cases like this, pending there on appeal or writ of error. While that court has not yet found it necessary to pass formally on the effect of these pardons, or to pronounce an

opinion upon the subject, except in the case of Ex parte Garland, 4 Wall. [71 U. S.] 333, which referred alone to their effect in removing disabilities of a personal character, I feel at liberty to state my belief that there is no difference of opinion among the justices upon the proposition that they restore to the recipients of them all the rights of property lost by the offence, unless the property had, by judicial process, become vested in other persons, subject also to such other exceptions as the pardon itself prescribes.

In the case before us, the petition of the plaintiff, which the district court refused permission to be filed, alleges that the money paid into court, or to the marshal, remains subject to the order of the court. It is my opinion that, until an order of distribution of the proceeds of the property sold is made, or until the proceeds are actually paid into the hands of the party entitled, as informer, to receive them, or into the treasury of the United States, they are within the control of the court; that no vested right to those proceeds has accrued so as to prevent the pardon from restoring them to the petitioner. Norris v. Crocker, 13 How. [54 U. S.] 429.

The result of these views is, that the judgment or order of the district court overruling the motion for leave to file a plea of pardon is reversed. The case is remanded to that court, with directions to permit the petition of plaintiff in error [setting forth his pardon][5] to be filed; and if, upon a hearing, it should be found that he has actually been pardoned, and has complied with the conditions imposed upon him, then, after deducting the costs of the proceedings against him up to the time of his offering to file said petition, that all the property or money remaining within the control of the court under these proceedings be delivered or paid over to him; and for such other and further proceedings in said case as may be in conformity to this opinion. Neither party recovers costs in this court. Judgment reversed, and cause remanded with directions.