CASEY v. BAKER et al.

(District Court, N. D. New York. March 21, 1914.)

**1. BANKRUPTCY (§ 209*)—FRAUDULENT TRANSFER—ACTIONS—PARTIES.**

Under Bankr. Act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 1511]) § 70e, providing that the trustee may avoid any transfer which any creditor might have avoided, and section 47, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3439), as amended in 1910 (Act June 25, 1910, c. 412, § 8, 36 Stat. 840 [U. S. Comp. St. Supp. 1911, p. 1501]), requiring trustees to collect and reduce to money the property of the estate, under the direction of the court, it is the duty of a trustee on request, if properly indemnified, to bring suit to set aside a fraudulent transfer; and, if he refuses to do so, any interested party may bring the suit in his own name, making the trustee a defendant, or he may be permitted to prosecute in the name of the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 318; Dec. Dig. § 209.*]

**2. REMOVAL OF CAUSES (§ 37*) — DIVERSE CITIZENSHIP — REARRANGEMENT OF PARTIES.**

In a judgment creditor's suit by a citizen of New York against citizens of Massachusetts to set aside an alleged fraudulent conveyance in which the fraudulent grantor's trustee in bankruptcy, also a citizen of Massachusetts intervened as defendant, and admitted plaintiff's judgment, there was no diversity of citizenship making the cause removable to a United States court, as the interests of the trustee and plaintiff were on the same side of the controversy, and the parties must be arranged as their interests in the controversy appear.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 80; Dec. Dig. § 37.*]

**3. REMOVAL OF CAUSES (§ 52*)—SEPARABLE CONTROVERSY.**

In such case there was no separable controversy between plaintiff and the trustee.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 102, 103, 105; Dec. Dig. § 52.*]

**4. REMOVAL OF CAUSES (§ 59*)—PETITION—PARTIES.**

Under Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094 [U. S. Comp. St. Supp. 1911, p. 141]) § 28, relative to the removal of causes to a United States court, where there are several defendants interested in the controversy, and there is no separable controversy, one defendant alone cannot remove the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 112, 113; Dec. Dig. § 59.*]

**5. REMOVAL OF CAUSES (§ 74*)—AMOUNT INVOLVED.**

In a suit by the owner of a judgment recovered more than four months before bankruptcy to set aside an alleged fraudulent conveyance by the bankrupt, in which the trustee in bankruptcy intervened and admitted plaintiff's judgment, but in effect denied the fraud, though he demanded judgment in his favor for all property if the conveyance was set aside, the amount in controversy was the amount of plaintiff's judgment; and, it being less than $3,000, the cause was not removable.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 130, 131; Dec. Dig. § 74.*]

In Equity. Action by John Casey against Charles I. Baker and others. On motion by plaintiff to remand the cause to the state court from which it was removed on the petition and motion of Edward N. Lacey, trustee in bankruptcy of Charles I. Baker. Motion granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James E. Sennett, of Granville, N. Y. (Daniel J. Finn, of Glens Falls, N. Y., of counsel), for plaintiff.

Daniel Naylon, Jr., of Schenectady, N. Y., and Visscher, Whalen & Austin, of Albany, N. Y., for defendant Lacey as trustee.

William W. Morrill, of Troy, N. Y., for defendants Baker.

RAY, District Judge.   September 18, 1911, the plaintiff here, John Casey, recovered a judgment against defendant Charles I. Baker, in the Supreme Court of the state of New York, which was duly docketed in the county of Washington, state of New York, October 26, 1911, and January 17, 1912, an execution on said judgment was issued, and February 2, 1912, returned wholly unsatisfied.   This judgment was for the sum of $2,619.35, damages, and costs.

September 22, 1911, four days after the rendition of said judgment in favor of Casey, said Charles I. Baker confessed judgment in favor of the defendant here, Horatio L. Baker, in the sum of $4,397.16 damages and $16.58 costs, total, $4,413.74, which was docketed in said clerk's office September 23, 1911.

September 23, 1911, said Charles I. Baker and defendant Addie L. Baker, his wife, were the owners of certain real estate and certain personal property in said county of Washington, N. Y., of the value of $7,000.

September 23, 1911, the same day that the judgment of $4,413.74 in favor of said Horatio L. Baker was docketed in said Washington county, and on which day said judgment became a lien on said real estate if the docket of the judgment preceded the transfer about to be mentioned, said Charles I. Baker and Addie L. Baker, by a deed of conveyance dated and recorded that day, conveyed said real estate to said Horatio L. Baker with, says the complaint herein, the intent on the part of the grantors to hinder, delay, and defraud the just creditors of said Charles I. Baker, particularly the said Casey, and such conveyance was received by said Horatio L. Baker with the same intent and purpose, and such conveyance was made and delivered by the grantors and accepted and received by the grantee in trust for the use and benefit of said Charles I. Baker.   The complaint also alleges that such conveyance was without consideration, and part of a collusive and fraudulent conspiracy to prevent the collection of the said Casey judgment. The complaint also alleges that October 16, 1911, the said Charles I. Baker, without consideration and with the same intent and purpose and in execution of the same conspiracy, turned over his personal property, above referred to, to said Horatio L. Baker.   The complaint is silent as to the value of the property so transferred, but describes it, and demands a decree setting aside the conveyances and appointing a receiver, and—

"Fifth, that the said receiver be authorized and directed to sell and dispose of said real and personal property, or so much thereof as shall be necessary, and out of the proceeds thereof to pay the aforesaid judgment and the costs of this action, and expenses, and hold the balance for the further order of this court."

This complaint is duly verified.   The summons and complaint were served by publication, pursuant to an order of Judge Whitmyer dated

April 8, 1912. The affidavit on which it was granted stated the residence of the then defendants to be Cambridge, state of Massachusetts. They had formerly resided at Granville, Washington county, state of New York, and removed to Cambridge, Mass., in October, 1911. The defendants appeared by William W. Morrill, of Troy, N. Y., and answered in June, 1912, but made no application or notice, and took no proceedings to move the cause into the United States court. They admitted the transfers; alleged that Charles I. Baker owned the real estate subject to the inchoate dower right of the wife, and also the personal property, but denied the fraud and conspiracy, and alleged that the transfers were in good faith and for a valuable and sufficient consideration—

"and for the purpose of partially repaying an indebtedness existing at the time of said respective transfers from said Charles I. Baker to the said Horatio L. Baker and for no other purpose whatever."

The defendant Edward N. Lacey was not then a party to the action. January 3, 1913, and more than a year after such transfers, and some months after the commencement of said action to set aside the transfers of such real and personal property so made by the said Charles I. Baker, said Charles I. Baker was adjudicated a bankrupt in the United States District Court in the State of Massachusetts, and January 24, 1913, Edward N. Lacey, of Boston, Mass., was duly appointed trustee of his estate in bankruptcy, and qualified as such. He has not been appointed ancillary trustee in the Northern District of New York, and the court in bankruptcy in said district in which the property affected by this action is situated has not been called upon to make any order in the premises, and has not made any.

March 15, 1913, an order was made, on application of said Lacey, not before this court, by Justice Henry T. Kellogg, in the Supreme Court of the State of New York, viz.:

"Ordered, adjudged, and decreed that said trustee, Edward N. Lacey, be and he hereby is allowed to intervene and plead in the above-entitled action, and serve such pleadings as he may deem proper; such pleadings to be served within —— days from the date hereof."

In March, 1913, and after such order was granted said Lacey interposed an answer as follows:

"United States District Court. Northern District of New York.

"John Casey, Plaintiff, against Charles I. Baker, Addie L. Baker, Horatio L. Baker, and Edward N. Lacey, as Trustee, etc., Defendants.

"The defendant Edward N. Lacey, as trustee of the estate of Charles I. Baker, bankrupt, for his answer to the plaintiff's complaint, respectfully shows to this court, and alleges:

"First. That the defendant Charles I. Baker, a resident of the city of Cambridge, Mass., was duly adjudicated a bankrupt on or about January 3, 1913, in the United States District Court of Massachusetts, and that on or about the 24th day of January, 1913, the defendant Edward N. Lacey was duly appointed trustee of the estate and property of said Charles I. Baker.

"Second. That the defendant Edward N. Lacey, duly qualified to act as such trustee, and is now acting as the trustee of the estate of said bankrupt.

"Third. The defendant admits that on or about the 26th day of October, 1911, a judgment for the sum of $2,619.35, damages and costs, in the Supreme Court of this state, against the defendant Charles I. Baker, was duly docketed in the clerk's office of Washington county, and that thereafter and on the

17th day of January, 1912, an execution against the personal and real property of the said Charles I. Baker was issued upon said judgment to the sheriff of Washington county, in which county said judgment against said Charles I. Baker was rendered, and where the said judgment roll is filed, and that thereafter and on the 2d day of February, 1912, the said execution was returned wholly unsatisfied by said sheriff to the county clerk of Washington county.

"Fourth. The defendant further admits that on or about the 22d day of September, 1911, the said defendant Charles I. Baker, confessed judgment to the defendant Horatio L. Baker, in the sum of $4,397.16 damages and $16.58 costs, which judgment so confessed was filed in the clerk's office of Washington county on September 22, 1911.

"Fifth. The defendant further admits that on or about the 23d day of September, 1911, the said defendant Charles I. Baker, and the defendant Addie L. Baker, wife of said Charles I. Baker, were the owners in fee simple and possessed of the real estate and personal property described in the complaint (or, more exactly, the said Charles I. Baker was the owner of said personal property, and was the owner of said real estate, subject to the inchoate dower interest of the said Addie L. Baker therein), and that on said day they conveyed by deed in writing the said real estate to the defendant Horatio L. Baker, which deed was recorded in the office of the clerk of Washington county on September 23, 1911, in Book 153 of Deeds, at page 417; that said deed recites the nominal consideration of $1.

"Sixth. The defendant further admits that on October 16, 1911, the defendant Charles I. Baker, by bill of sale, bearing date on that day, transferred to the defendant Horatio L. Baker the personal property described in the complaint.

"Seventh. The defendant denies that he has any knowledge or information sufficient to form a belief as to the truth of any one or all of the other allegations in said complaint contained, and therefore denies the same.

"For a further and separate answer and defense herein, the defendant, realleging and reiterating the allegations contained in paragraphs 1 and 2 of the answer herein, further alleges:

"First. That the defendant Edward N. Lacey, as trustee of said estate of Charles I. Baker, is entitled to the possession of all the real property and personal property of said bankrupt, and that he has a legal and equitable title thereto, and holds the same as trustee for the benefit of the general creditors of the estate of Charles I. Baker, a bankrupt.

"Second. That the plaintiff has no lien on or claim to any of the property, either real or personal, of the defendant Charles I. Baker.

"Wherefore, the defendant demands that it be adjudged that he, as the trustee of the estate and property of said Charles I. Baker, a bankrupt, have title to all the property, both real and personal, of said Charles I. Baker, as described in the complaint herein if said transfers should be set aside; that an order may be made by this court, authorizing the said trustee to take and hold all the property of said bankrupt for the benefit of his general creditors, and for such other and further relief in the premises as to the court may seem just and proper.

"Daniel Naylon, Jr., Attorney for Defendant Edward N. Lacey.

"Office and P. O. Address, Rooms 2, 3, and 4, Myers Block, Schenectady, N. Y."

The record shows that Lacey is a lawyer of the city of Boston. He admits certain allegations of the complaint as shown, but the "Seventh" subdivision of such answer shows that, notwithstanding the sworn complaint in this action, he has not informed himself of the facts sufficiently to form a belief on the crucial question involved, viz., that of the fraud, and he goes so far as to deny that there was any fraud. He thus takes a position antagonistic to the claim of the plaintiff, a creditor of Charles I. Baker, and denies that he, or the estate he represents, has any interest in the real estate and personal property of

Charles I. Baker, alleged to have been fraudulently transferred as set up in the complaint herein. He says, by reference to the allegations of the complaint, that he has not sufficient information to form a belief as to the existence of fraud in the conveyance, and he therefore denies the same.

This trustee for the benefit of *all* the creditors of said bankrupt, Charles I. Baker, as a second and further *defense* alleges:

"Second. That the plaintiff (that is, Casey, with a judgment against Baker of over $2,600, which this trustee admits) has no lien on *or claim to any of this* property, either real or personal, of the defendant Charles I. Baker."

This court has always supposed that a general creditor with a judgment against a bankrupt has *some claim* to the property of the bankrupt owned by him prior to and at the time of his bankruptcy. He has no title but the trustee holds for the creditors, and every creditor has a "claim to the property." Before he interposed this answer and defense, denying in effect that he, as trustee for the creditors, has any interest in the property sought to be recovered, and praying that, if the transfers are set aside, he have the proceeds, he presented a petition to the Supreme Court of the state of New York for the removal of this cause into the District Court of the United States for the Northern District of New York, and such order was granted and the record filed in this court. The plaintiff moves to remand to the state court on the following grounds:

"(1) Because the defendants, other than the defendant Edward N. Lacey, are residents and citizens of the state of New York, and plaintiff is a resident and citizen of the state of New York, and that there is involved in this suit no separable controversy which is wholly between the citizens of another state on the one hand and the citizens of the state of New York on the other hand.

"(2) Because the matter in dispute in this action does not exceed, exclusive of interest and costs, the sum of $3,000.

"(3) Because Edward N. Lacey, as trustee in bankruptcy of Charles I. Baker, is a mere formal party to this action, with no real interest therein, and is a mere intervener who presents no new or independent interest or question in this suit.

"(4) That this application was made after Charles I. Baker and Horatio L. Baker, two of the defendants herein, had appeared and answered in the state court and submitted themselves to the jurisdiction of that court, and after the right of said two defendants to remove said case had expired.

"(5) Because the application of Edward N. Lacey as trustee was not made in good faith or for the purpose of protecting any rights of said defendant, but was made in the interest of the defendants Charles I. Baker and Horatio L. Baker, and for the purpose of hindering and delaying the plaintiff in the prosecution of this action.

"(6) All of which facts are apparent in the record in this case."

While the complaint in this action is silent as to the value of the real and personal property described therein, and the conveyance and transfer of which are alleged to have been in fraud of creditors and are sought to be set aside, the affidavits or petition on removal placed same at $7,000, and this is not denied by any affidavit or proof on this motion to remand. The subject-matter of this suit is the property mentioned and the transfers of same, and the matter in controversy is the title to such property. There is no controversy over plaintiff's judgment. If the conveyances are avoided and set aside as in fraud

of creditors, the title of such property of the value of $7,000 is restored to the owners, and by operation of law vested in the trustee in bankruptcy.

[1] By section 70a of the act, entitled "An act to establish a uniform system of bankruptcy throughout the United States" approved July 1, 1898, 30 Stat. 544, c. 541 (U. S. Comp. St. 1901, p. 3418), amended February 5, 1903, 32 Stat. 797, c. 487 (U. S. Comp. St. Supp. 1911, p. 1493), June 15, 1906, 34 Stat. 267, c. 3333 (U. S. Comp. St. Supp. 1911, p. 1508), and June 25, 1910, 36 Stat. 838, c. 412 (U. S. Comp. St. Supp. 1911, p. 1493), it is provided that:

"The trustee of the estate of a bankrupt, upon his appointment and qualification * * * shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt. * * * (4) property transferred by him in fraud of his creditors."

And section 70e of said act provides:

"The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a bona fide holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a bona fide holder for value. For the purpose of such recovery any court of bankruptcy as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

By section 47 of said act, as amended in 1910, which relates to the duties of trustees, it is provided:

"Trustees shall respectively (1) account for and pay over to the estates under their control all interest received by them on property of such estate; (2) collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest; and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

In re Downing, 201 Fed. 93, 119 C. C. A. 431 (C. C. A., Second Circuit), it is held that the bankrupt's trustee has a transferable interest in real estate owned by the bankrupt and transferred by him in fraud of creditors, though such transfer was made more than four months prior to the institution of the bankruptcy proceedings, and that the trustee may sell such interest with the right to sue to set aside such fraudulent transaction. Here, from the record, it is apparent that the trustee is opposing, and intends to oppose, the setting aside of these alleged fraudulent transfers. He is opposing the general creditors of the bankrupt in a suit instituted by one of them having a judgment and execution returned unsatisfied, and being thereby in a position to attack such transfer by coming into court and joining hands with the bankrupt and his fraudulent transferee to deny the rights of creditors to have the transfer set aside. This trustee when appointed found a suit pending against the bankrupt brought by a judgment creditor to set aside a fraudulent (alleged) transfer of property of the value of $7,-

000, and which, if recovered, will go into the estate for the benefit of all creditors. This suit, in equity, was pending in the state court. The trustee petitioned that court to come in and plead, assert his rights, if any. Allowed to come in and plead, he denied that the transfers were fraudulent, and in effect denied that he, as trustee or otherwise, has any interest in the property, but still he asks judgment that, if the transfers at the suit of the judgment creditor are set aside, he receive the proceeds. He thus, in a court of equity, for this is a court of equity and the suit is on the equity side of the court, submits himself to the jurisdiction of this court by removing the cause here, and places himself in the attitude of a party entitled to bring suit, and whose duty it was to bring suit on request, if properly indemnified, but who refuses to do so. In such case any person interested in having the suit instituted and prosecuted may bring same in his own name, and maintain it for the benefit of himself and all others interested, making the one who should have instituted the suit a party defendant. While nominally a defendant, Lacey, as trustee, is in truth so far as interest is concerned the plaintiff. If there be a recovery he as trustee will be entitled to the proceeds, subject to liens for the benefit of all general creditors. He claims the property if recovered, but denies the right of any one to recover it.

[2] Arranging the parties with Casey as the complainant and the three Bakers and Lacey as trustee as defendants, we have the necessary diversity of citizenship, but if we arrange the parties with Casey and Lacey as trustee as complainants, on that side of the controversy being Lacey's real and true interest, with the three Bakers as defendants, and we do not have the necessary diversity of citizenship, as Lacey as trustee, a complainant when so arranged, resides in and was appointed trustee in the state of Massachusetts where all the defendants reside and hence one complainant and all the defendants are residents of the same state. It is well settled that for the purpose of the removal of a cause the court may and must arrange the parties on the different sides of the controversy as their interests in the controversy appear.

[3] Again, do we have here a *separable controversy,* which enabled Lacey, the trustee in bankruptcy, to remove the cause from the state court into the District Court of the United States; the other defendants not joining in the application for removal, but having appeared and answered. Lacey, as trustee, has no possible interest in this suit or controversy unless the transfers made by Charles I. Baker and wife to Horatio L. Baker were made and received in fraud of creditors. The defendant Charles I. Baker owned the real estate subject to the inchoate dower interest of his wife, the defendant Addie L. Baker, and said Charles I. Baker owned the personal property. Both are necessary and material parties, as their transfers are attacked and subject to be annulled, declared fraudulent, and set aside. Horatio L. Baker is a necessary and a material party as he derived his title, if any, from Charles I. Baker, and his present paper and record title is attacked and sought to be set aside. There is no controversy in fact between the defendant Edward N. Lacey as trustee of the estate in

bankruptcy of Charles I. Baker, who removed the cause, and the plaintiff, John Casey, as their interests are the same, on the same side of the controversy, and hence, in a litigation between them no question involved in this suit can, could, or would be determined. Lacey represents the creditors. As trustee in bankruptcy he is to collect in all property, etc., including that fraudulently transferred at any time before bankruptcy. His duties and responsibilities are ·quite plainly indicated in Re Reinboth et al. (C. C. A., Second Circuit) 157 Fed. 672, 674, 85 C. C. A. 340, 342 (16 L. R. A. [N. S.] 341) where it is said:

"The referee misconceived the law. A trustee may be charged with the value of assets which never came into his possession if he failed in his duty to get them into his possession. Trustees in bankruptcy, like executors and administrators, are bound to use due diligence to get in the assets of the estate—to secure possession of the tangible property and collect the debts. If they fail in their duty, they may be charged in their accounts with the value of the assets thereby lost. ' If they take no steps to secure property or collect debts, of which they have knowledge, they are presumptively negligent. The burden is upon them to explain their failure to act. Harrington v. Keteltas, 92 N. Y. 40; O'Connor v. Gifford, 117 N. Y. 275, 22 N. E. 1036; Anderson v. Piercy, 20 W. Va. 282; Sterling v. Wilkinson, 83 Va. 791, 3 S. E. 533; Tuttle v. Robinson, 33 N. H. 120; 3 Williams on Executors, 331. The ground upon which the referee excluded the evidence being unfounded, his action in doing so was erroneous. The evidence as to the ownership of the property and as to its sale as an alleged pledge should all have been received. As it was excluded, we cannot tell how far it would have gone. Certainly it need not have gone far, in view of the trustee's action in suffering the bond to be canceled, and in failing to obey the direction of the court, to throw upon him the burden of showing that he did his duty."

And when the trustee declines to take such action as he is required by law to take, a creditor may take such action in the name of the trustee. Chatfield v. O'Dwyer (C. C. A., Eighth Circuit) 101 Fed. 797, 42 C. C. A. 30, 4 Am. Bankr. Rep. 313.

If necessary, in this case the creditor, Casey, may be permitted to prosecute this action in the name of the trustee. He, of course, would be required to indemnify the trustee and estate. In such event the trustee would be the real plaintiff and a resident of Massachusetts with the defendants. The presence of this trustee as a party is probably essential to a full and complete determination, but his interests in the controversy devolved on him by operation of law, as seen, are that of a complainant.

In Wilson v. Oswego Township, 151 U. S. 56, 63, 14 Sup. Ct. 259, 262 (38 L. Ed. 70), it is held:

"The removal in this case was had under the second section of the act of 1875, but under which clause of that section does not distinctly appear. The first clause of the section relates to removals of controversies that are not separable, and in which all the parties on one side of the suit are citizens of different states from those on the other side, which is a necessary condition to enable the Circuit Court to take jurisdiction of the entire suit. Under this clause, all of the plaintiffs, if there are more than one, or all the defendants, there being more than one, must, in order to remove the suit, unite in the petition therefor; and it is settled by the authorities that to enable a suit to be removed under this first clause of the section, when the ground for removal is diversity of citizenship, the party to the suit on the one side, whether consisting of one or more persons, must have a state citizenship different from that of the party on the other side, whether consisting of one or more persons, and that, for the purpose of removing the suit, these

parties may be placed 'on different sides of the matter in dispute according to the facts,' so that all those on one side will be 'citizens of different states from those on the other,' and that, this being done, *those on either side may remove the suit, provided that all unite in the petition therefor.*"

The District Court of the United States has original jurisdiction of all suits of a civil nature, at common law or in equity—

"where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and * * * or, (b) is between citizens of different states," etc. Act March 3, 1911, c. 231, 36 Stat. 1087 (U. S. Comp. St. Supp. 1911, p. 129).

[4] Section 28 of the Judicial Code (36 Stat. c. 231, p. 1094) provides as to removal of causes:

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the District Courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the District Court of the United States for the proper district."

If there be one defendant he may remove the cause. If more than one, then all uniting may remove it. If there be a controversy involved wholly between citizens of different states and such controversy can be fully determined as between them then, either one or more of the defendants may remove if such controversy be a separable one. But if there be a plaintiff on one side residing in the state where the suit is brought and several defendants having an interest in the controversy residing in some state or states other than that of the residence of the plaintiff, and there is no separable controversy, then one defendant alone cannot remove. McNaul v. West Indian Securities Corporation et al. (C. C.) 178 Fed. 308; Miller et al. v. Clifford et al. (C. C. A., First Circuit) 133 Fed. 880, 67 C. C. A. 52, 5 L. R. A. (N. S.) 49; Abel v. Book et al. (C. C.) 120 Fed. 47. The syllabus in the McNaul Case, supra, reads:

"A cause is not removable by *one* of several defendants on the ground of diversity of citizenship alone, where no separable controversy is alleged or shown."

Ward, Circuit Judge, now of the Circuit Court of Appeals, Second Circuit, said:

"The petition for removal alleges that the plaintiff is a citizen of the state of New York, that the petitioner is a citizen and resident of the state of Massachusetts, and that the other defendants who have been served with process are citizens of Delaware and New Jersey. The only ground suggested for removal is that the controversy is wholly between citizens of dif-

ferent states. As all the defendants have not joined in the petition for removal, the cause must be remanded.

"The petitioner contends that the practice in this circuit is to permit one defendant to remove, and cites Mutual Life Insurance Co. v. Champlin [C. C.] 21 Fed. 85, and Garner v. Second National Bank [C. C.] 66 Fed. 369. These were cases where a separable contest existed between the plaintiff and one or more of the defendants, which could be fully determined as between them. No such ground is relied upon in the petition, nor is any separable controversy specified."

In the Miller Case, supra, the syllabus reads:

"Where a suit does not present a separable controversy, it can only be removed on a petition in which all the defendants join."

In the Abel Case, supra, the syllabus is:

"Where, in an action to annul certain conveyances against several defendants, there was no separable controversy, and one of the defendants originally entitled to remove the cause to the federal courts had waived his right by failing to exercise it within the time prescribed, a subsequent joint application for removal could not be granted."

In Miller et al. v. Clifford et al., supra, the court said:

"As we have found that the case does not present a separable controversy, it follows that, in order to effect a removal of it, all the defendants must join in the application for such removal. There can be no doubt but that this is the present rule of the Supreme Court. Railway Co. v. Martin, 178 U. S. 248, 20 Sup. Ct. 854, 44 L. Ed. 1055; Whitcomb v. Smithson, 175 U. S. 635, 20 Sup. Ct. 248, 44 L. Ed. 303; Railway Co. v. Dixon, 179 U. S. 140, 21 Sup. Ct. 67, 45 L. Ed. 121; Gableman v. Railway Co., 179 U. S. 337, 21 Sup. Ct. 171, 45 L. Ed. 220. In this case only one of the defendants has sought to remove the cause. No separable controversy being stated against the petitioning defendant, and all the defendants not having joined in the petition, the case must be remanded to the state court."

In Buck v. Felder (D. C.) 196 Fed. 419, there was a separable controversy.

In this case there can be no pretense of a separable controversy between Lacey as trustee and the complainant. When Casey brought the suit Baker, the judgment creditor, who is alleged to have made the fraudulent transfers, was not in bankruptcy, and Lacey as trustee had no existence. He has been appointed trustee since, and comes in as an intervening defendant and asserts his right to the fund or property in case it is recovered. His right in such case is fixed by law and not disputed. If he desires to stand in the suit as a defendant opposing the recovery of this property, he should be removed by the court appointing him. If he desires to do his duty under the law, he should ask to join or be substituted as complainant and allow Casey to be to the expense of prosecuting the suit or indemnify the trustee in doing so. If he desires to antagonize Casey in recovering this property for the benefit of general creditors, he is not a proper party defendant. He has no individual interest in the property and the interest devolved on him by operation of law on his acceptance of the trust was and is identical with that of the complainant Casey. His only right or interest is to recover the property if transferred in fraud of creditors. This fact the court must recognize in determining whether or not there is a separable controversy. It may be that the complainant should ask the court in bankruptcy for an order giving this trustee directions,

and also request the court to allow an amendment to the complaint setting up the bankruptcy, the appointment of this trustee, and his refusal to unite or act as a party complainant in case he maintains his present attitude of hostility to the interests of the creditors. If it turns out that the judgment of Horatio L. Baker was and is valid; that the transfers were made in payment thereof, or that such judgment became a valid lien under the New York statutes, then in the latter event, even if the transfers are set aside and Horatio L. Baker's judgment is sustained, he will be protected. In such case the general creditors would only reach the surplus. But whatever course may be pursued by these parties hereafter, it is certain that this trustee has no separable controversy with the complainant by coming in and pleading certain matters which have occurred since the suit was brought and setting up his rights, which the complainant has not denied and cannot deny. Clearly this trustee raises no separable controversy by allying himself with the defendants in opposition to the duties and interests which the law casts upon him. He has no interest in the property in question, or its proceeds, or in the controversy, unless the conveyances, or one of them, were fraudulent as to creditors. If he denies that, as he does, he asserts no interest and raises no controversy which entitles him to remove, for he is not interested in such a controversy. If he alleges and claims that the conveyances, or one of them, were fraudulent, then he must be arranged on the side of the complainant as a complainant, and he has no controversy with the complainant. If he does that, then he, as a resident of the state of Massachusetts, cannot assert diversity of citizenship as a ground of removal, as he admits the Casey judgment.

[5] In Hillyer et al. v. Le Roy et al., 179 N. Y. 369, 72 N. E. 237, 103 Am. St. Rep. 919, it is held by the Court of Appeals of this state:

"1. Bankruptcy—When Judgment against Bankrupts Not Affected by Bankruptcy Proceedings—Judgment Creditors may Enforce Judgment by Execution or Bring Equitable Action Thereon—Rights in Latter Action. Where a judgment has been recovered and docketed more than four months prior to the filing of a petition in bankruptcy by the judgment debtors, the effect thereof is to impress upon the real estate of the judgment debtors a lien, not only as to such which was then actually held by them, but as to any that had been transferred by them in fraud of their creditors; the judgment creditors may enforce their judgment by a sale of the land under execution, or they may bring an action in equity to obtain a decree which adjudges transfers, made by the judgment debtors, to have been void, which compels the fraudulent transferees of the real estate to account to them to the extent of their judgment, together with the mesne rents and profits of the real estate from the time of the commencement of the action in equity, and which appoints a receiver to enforce their rights by a sale of the land, or so much thereof as may be necessary, to satisfy the claim.

"2. Equitable Action on Judgment—Not a Waiver of Original Judgment—Powers and Duties of Receiver Therein. The bringing of the action in equity cannot be regarded as constituting any waiver, or abandonment, of the benefit of the original judgment; the judgment in the equitable action has relation only to the rights of the plaintiffs under their original judgment, and narrows the office of the receiver to a sale of the real estate and the application of the proceeds to the satisfaction of the indebtedness; the receiver takes no title to the real estate, nor does he acquire any rights in the land for the benefit of creditors generally.

"3. Trustee in Bankruptcy—Right to Bring Action on Judgment Not Vested

212 F.—17

Therein—When Judgment Debtors Cannot Raise the Question. The right to maintain the equitable action does not become vested in the trustee in bankruptcy, since the judgment creditors, having a lien, which was not within the operation of the Bankruptcy Act, were at liberty to pursue any remedy they had for the enforcement of that lien, unfettered by the bankruptcy adjudication; the judgment debtors, however, are in no position to interpose the objection where it was not pleaded as a defense, and they simply set up, in a supplemental answer, their discharge in bankruptcy."

And in Thomas, as Trustee in Bankruptcy, v. Roddy et al., 122 App. Div. 851, 107 N. Y. Supp. 473, it is held:

"A trustee in bankruptcy being vested by section 70 of the Bankruptcy Act with all property transferred by the bankrupt in fraud of creditors, and being authorized to recover the same or its value from the transferee, may maintain an action to set aside a fraudulent conveyance by the bankrupt, although the same was made more than four months prior to the filing of the petition in bankruptcy. Under said section the trustee represents all the creditors, and may maintain an action to set aside any transfer which any creditor might have brought.

"The right of a trustee to sue under said section 70 is not restricted by subdivision 'e' of section 67, relating to conveyances made within four months, with an intent to hinder, delay, and defraud creditors.

"In order to bring an action under section 70 to set aside fraudulent conveyances made more than four months prior to the petition in bankruptcy, the trustee need not show that creditors of the bankrupt were in a position to attack the conveyance.

"Nor does the fact that creditors may attack the conveyance deprive the trustee of that right, especially so when the creditors have not commenced an action and are made parties defendant by the trustee without objection upon their part."

Treating this as an action by Casey, the complainant, to assert his lien and enforce it against the property fraudulently transferred by Baker, and nothing more, and the lien, within Hillyer et al. v. Le Roy et al., supra, is established, as the judgment is conceded by the trustee, and, so treating and considering the case, the amount in controversy, exclusive of interest and costs, is the amount of Casey's judgment, less than $3,000, and the cause is not a removable one. And in such event, even if the amount in controversy were sufficient, there is no controversy at all between Casey and the trustee, as this Casey judgment is conceded and its status as a lien is fixed by Hillyer et al. v. Le Roy et al., supra, and the pleading, of a mere legal conclusion by the trustee, especially one contrary to the law, and therefore not correct, viz., that the trustee is entitled to the property or its proceeds if the conveyance is set aside, presents no separable controversy. The removing party must show facts presenting a real separable controversy. The situation is this: The complainant says the transfers by Baker were in fraud of my rights and of creditors and are voidable; I have a lien on the property of some less than $3,000, and I desire to have the property sold in satisfaction of such lien and to have such transfer first set aside. The Court of Appeals of the state of New York says that Casey does have such a lien if the transfer was fraudulent, and that he may have it set aside and enforce his lien. The trustee in bankruptcy denies: First, that the transfer was fraudulent, in which case he has no possible interest; and, second, if it is proved to have been fraudulent, I am entitled to the proceeds of a

sale. This would be true as to the surplus over and above valid liens, but not as to Casey's judgment. Casey, if we treat the action as one to enforce his lien, has no concern with the surplus and no controversy with the trustee. Casey's judgment was obtained and docketed more than four months prior to the bankruptcy, and hence is not void or voidable as a lien on the property of the bankrupt transferred in fraud of creditors, under any provision of the bankruptcy act. But the trustee himself negatives the existence of any controversy with Casey by denying the fraudulent character of the transfers. In such case Horatio L. Baker owns the property free and clear of Casey's claim, and he, not the trustee, must defend the title, and he, and not the trustee, has a controversy with Casey, and he, Horatio L., has not sought a removal of the cause.

Motion to remand granted.