[No. 3,180.]

## MILES HILLS *v.* FREDERICK SHERWOOD ET AL.

JUDGMENT AT LAW NOT A BAR TO RELIEF IN EQUITY.---A judgment in ejectment obtained by the grantee of a deceased person against the executors of his estate, even if binding on the creditors of the testator to the same extent that it is binding on the executors, the defendants, is not a bar to a bill in equity filed by the executors or the creditors of the testator, to set aside the deed on which the judgment in ejectment was obtained, as having been made to defraud creditors.

RELIEF IN EQUITY.---A judgment at law against the defendant in ejectment is not a bar to a bill in equity addressed by the defendants in the ejectment to the equity side of the Court, if the relief sought is purely of equitable cognizance.

EQUITABLE DEFENSE IN EJECTMENT.---Although, when the defendants in ejectment are the executors of the estate of the grantor of the plaintiff, they may, perhaps, maintain their possession of the demanded premises on the ground that the deed of the testator to the plaintiff is fraudulent and void as against creditors of the estate; yet they cannot claim a decree annulling the deed, except upon the allegations of a cross-complaint praying for affirmative relief.

IDEM.---Before a case can be considered beyond the reach of a Court of equity, it must be made to appear that the legal remedy would be adequate and complete.

WHO MAY SUE IN EQUITY TO SET ASIDE FRAUDULENT DEED.---A creditor of the estate of a deceased person whose claim has been established, may maintain an action in equity to reach property fraudulently conveyed by the testator, in his life-time.

WHAT RELIEF MAY BE GRANTED IN EQUITY.---When the testator, during his life-time, makes a deed of his land to defraud his creditors, and a creditor of the estate, whose claim is established, files a bill in equity to set aside the deed as fraudulent, and there is no other creditor of the estate, the Court may decree a sale of the property and an application of the proceeds to pay the plaintiff's debt.

JUDGMENT AGAINST EXECUTOR AS EVIDENCE.---A judgment obtained by a creditor of the estate against an executor proves, *prima facie,* the indebtedness of the testator to the plaintiff, as against the grantees of the testator, in a suit in equity to set aside the conveyance of the testator as fraudulent.

EFFECT OF FRAUDULENT CONVEYANCE.---A conveyance made to defraud creditors vests the estate in the grantee, as against the grantor and his heirs and devisees.

APPEAL from the District Court, Third Judicial District, Monterey County.

The case was thus: Maria Josefa Soto and Gil Cano intermarried in California sometime about 1840. Said Cano

died about the month of December, 1844, leaving children by the marriage, Rafael Cano, Nicholas Cano, Luisa Cano, and Guadalupe Cano. Said Maria Josefa, in 1844, after the death of her first husband, intermarried with James Stokes, and there were born children of this marriage, James, Junior, Manuel, Domingo, Catherine, Josephine, William, Henry, Mary, Fanny and Luisa. Said Maria Josefa died intestate, at Monterey County, on the 16th day of September, 1858. The husband of deceased, James Stokes, was appointed the administrator of her estate. Said Maria Josefa owned, at her death, as her separate property, the northern half of the rancho Capay, lying in Tehama County, and five hundred acre lot No. 32, in Santa Clara County. James Stokes, the administrator, died testate, September 28, 1864, and before his death had received several thousand dollars from the separate estate of his late wife, Josefa. At the time of his death his accounts, as administrator, had not been settled, and the money still remained in his hands. W. S. Johnson, who had married Luisa Cano, became the administrator of the estate of said Josefa, after the death of James Stokes. Said James Stokes, after his marriage with said Josefa, acquired by purchase the Rancho de Vergeles, in Monterey County, which became the property of the community, and was confirmed to him by the Courts of the United States, in 1858. James Stokes, on the first day of December, 1855, conveyed to the plaintiff here, in consideration of the sum of five thousand six hundred and seventy dollars, a tract of land in the County of Butte, called the Cambuston Rancho, and, in the deed, covenanted that if the Mexican title to said rancho should not be finally confirmed by the Courts of the United States before which it was then pending, that he would repay said sum with interest thereon, at the rate of two and a half per cent. per month, from the date of the covenant. The title to the rancho had then been confirmed by the United States District Court, but an appeal had been taken to the Supreme Court of the United States. The latter tribunal, on the 25th of January, 1858, reversed the judgment of the Dis-

trict Court, and ordered a new trial to be had, upon principles which resulted in its rejection by the District Court, upon the return of the mandate; and, in November, 1859, Stokes, after the death of his wife Josefa, and prior to 1858, married Arabella Clark, and in April, 1858, in order to defraud the plaintiff and prevent him from realizing anything on said covenant, conveyed to Sarah R. Clark, who was the sister of his wife, in trust for his wife, the Rancho de Vergeles; and the said Sarah, at the same time, executed the trust, by conveying the rancho to said Arabella. Stokes, in his will, appointed Frederick Sherwood, who had married his daughter Catherine, and George H. Winterburn, who had married his daughter Josephine, executors of his estate. The executors, after his death, entered into possession of the Vergeles Ranch, and ousted Arabella, the widow of the deceased. She brought an action of ejectment against them, but in their answer they did not set up, as an equitable defense, the fraudulent character of the deed of Stokes to her. The plaintiff recovered judgment. This is the judgment which the Court, in the opinion, speaks of as *Stokes* v. *Sherwood and Winterburn.* This judgment was rendered in October, 1866. Hills presented his claim on the covenant to the executors of the estate of Stokes for allowance, but they rejected it. He then brought suit against them, and the Court below decided against him. He appealed to the Supreme Court, and that tribunal reversed the judgment of the Court below, and directed judgment for the plaintiff, which judgment was entered upon the filing of the remittitur. The case is reported in the 33 Cal. 474. The plaintiff's judgment against the executors not having been paid, he commenced the present action in equity to have the deed to said Arabella declared fraudulent and void, and to have the Court decree a sale of the land, and an application of the proceeds on his judgment. The executors of the estate of Stokes, the administrator of the estate of Josefa, the children of Josefa by her first husband, Cano, and the children of Stokes, and B. S. Brooks, Augustus D. Splivalo, and Arabella, the widow of Stokes, were made defendants. The

children and Brooks and Splivalo, claimed an interest in the rancho, which they had acquired from Arabella, with notice of the fraudulent transfer of Stokes to her.   The Court below decreed that twenty undivided twenty eighths of the rancho, being all of the same, except what the children of Josefa inherited from their mother, be sold, and the proceeds be applied to the payment of the plaintiff's judgment. The defendants, Arabella Stokes, Sarah R. Clark, Augustus D. Splivalo, Herbert Stokes, Eveline Stokes and Benjamin S. Brooks, appealed from the judgment.

The other facts are stated in the opinion.

*B. S. Brooks*, for the Appellants.

The plaintiff, a judgment creditor of the estate of James Stokes, deceased, cannot maintain an action against the appellants, to reach property charged to be fraudulently conveyed by the testator in his life-time, and have the same applied to the satisfaction of his judgment.  If the executor neglects or refuses to bring such action, any creditor may maintain an action against the executor, based upon his neglect of duty, and to such an action the fraudulent vendee would be a proper party; but in the absence of any such neglect or refusal, the action cannot be maintained by the creditor.   (Probate Act, Sec. 202; *Bate* v. *Graham*, 11 N.Y. 239; *Babcock* v. *Booth*, 2 Hill, 186; *Danzey* v. *Smith*, 4 Texas, 414; *Hogan* v. *Walker*, 14 How. U. S. 34; *Brockman* v. *Bowman*, 1 Hill, 338; *Pearley* v. *Barney*, 1 Chip. 335; *Simpson* v. *Simpson*, 7 Humph. 277; *Thompson* v. *Brown*, 4 Johns. Ch. 636.)

The judgment in the case of *Stokes* v. *Sherwood and Winterburn*, was an estoppel and a bar to this action.  The judgment against the executors binds the creditors.  It was binding not only upon the said defendants, Sherwood and Winterburn, in their individual capacities as executors of the estate, but bound as well all who were in privity with them as heirs, legatees, devisees or creditors of the estate.  In that suit they represented the estate of James Stokes, deceased, and all who were interested in that estate.  It, therefore, estops the said Sherwood and Winter-

burn, and all who are in privity with them, as heirs, legatees, devisees or creditors of said estate, from claiming that the said Rancho Vergeles constituted any part of the assets of the said estate, or that the creditors of said estate have any claim to the same, or any part thereof. (Probate Act, Secs. 114, 194, 195, 250, 259; Civil Practice Act, Sec. 6; *Curtiss* v. *Herrick,* 14 Cal. 117; *Teschmacher* v. *Thompson,* 18 Cal. 11; *Halleck* v. *Mixer,* 16 Cal. 579; *Curtiss* v. *Sutter,* 15 Cal. 264; *Harwood* v. *Marye,* 8 Cal. 580; *Meeks* v. *Hahn,* 20 Cal. 620; *Estate of Woodsworth,* 31 Cal. 604; *Caperton* v. *Schmidt,* 26 Cal. 490; *Marshall* v. *Shafter,* 32 Cal. 189; *Valentine* v. *Mahoney,* 38 Cal. 389; *Tyler* v. *Houghton,* 25 Cal. 29.)

Fraud, in the conveyance from Stokes to his wife, would have been a perfect defense to the action of *Stokes* v. *Sherwood,* for, as to the creditor, the deed is absolutely void at law. In such a case, the executors would be in duty bound to bring an action of ejectment to recover the possession; or if they had the possession, it would be their duty to defend that possession and to claim the property as assets of the estate, and that claim, sustained by proof, would be a complete defense at law. (*Bryant* v. *Bryant,* 2 Robs. Supr. Ct. N. Y. 612; *Canfield* v. *Monger,* 12 Johns. 347; *Le Guen* v. *Gouvernour,* 1 Johns. Cas. 491; *Juyne's Case,* 1 Smith Leading Cases, 33; 1 American Leading Cases, 69; *McKee* v. *Gilcrist,* 3 Watts, 230; *Engelbert* v. *Blangot,* 2 Whart. 240, 245.)

*Wm. Matthews,* for the Respondent.

The counsel for the appellants claims that the plaintiff, who is a judgment creditor, cannot maintain this action, but that the action should have been brought by the executors of Stokes.

The learned counsel of appellants has cited numerous authorities in support of this assignment of error, and after a careful examination of the list, I submit that not one of the number sustains his argument. Amongst them no case is found, in which a bill by a creditor against an adminis-

trator, a fraudulent grantee of a decedent, to annul a fraudulent assignment, or conveyance, has been dismissed.

Justice DENIO, in *Moseley* v. *Moseley*, (15 N. Y. 334) refused to allow a defendant to show a deed fraudulent, saying: "The defendant is not a creditor, and he does not claim under a title arising out of any proceedings instituted by creditors." (Id. 336.)

*Brownell* v. *Curtis*, (10 Paige, 210) was a creditor's bill, seeking, besides other relief, to have a fraudulent cancellation of a debt set aside. The · bill was against the perpetrators of the fraud, who were still living; and one of the defenses interposed, was, that the debtor had, before suit, made a voluntary assignment of all his effects to trustees for the benefit of his creditors.

This plea was overruled by the Court, the Chancelor (WALWORTH) saying: "I think he (the debtor) cannot, by an assignment which is wholly voluntary on his part, take away the right of his creditors generally, to set aside the fraudulent transfer, or to recover the debt fraudulently discharged, and transfer that right to his own assignee for the benefit of preferred creditors, or even for the benefit of all his creditors equally." (*Thompson* v. *Brown*, 4 Johns. Ch. 619; *Manhattan Co.* v. *Osgood*, 15 Johns. 162; *Bryant* v. *Bryant*, 2 Robertson, R. J. 612; *Danzey* v. ·*Smith*, 4 Tex. 414; *Hagar* v. *Walker*, 14 How. 29; *Peasly* v. *Barney*, 1 Chip. 331; *Simpson* v. *Simpson*, 7 Humph. Tenn. 275; *Bank of United States* v. *Burke*, 4 Blackf. 141.)

The second error · assigned is that the Court should have held the judgment in *Stokes* v. *Sherwood and Winterburn*, a bar to this action. In answer, the respondent might content himself with saying, that Sherwood and Winterburn were not sued as executors of Stokes, nor did judgment pass against them as executors. That the deed was in fraud of creditors, was not pleaded, and in *Lorraine* v. *Long*, (6 Cal. 453) and in *Hough* v. *Waters*, (30 Cal. 311) it was declared that unless matters of equitable cognizance were pleaded, the judgment at law was not a bar to a bill addressed to the equity side of the Court. And in the latter case they say, that *Morrison* v. *Wilson*, and *Gray* v.

*Dougherty*, cited by counsel, are not when rightly understood in conflict with this view. In *Ayres* v. *Bensley*, (32 Id. 620) the question was again considered, and, after it was fully debated by counsel, the same doctrine was reaffirmed.

By the Court, McKINSTRY, J.:

The defendant claims that the judgment in *Stokes* v. *Sherwood and Winterburn* is a bar to the present action.

For the purposes of this opinion it may be admitted that the judgment would bind the creditors of the estate of James Stokes to the same extent as the executors themselves would be bound; and that the defendants in ejectment would have been permitted to attack the deed made by the testator in his life-time, as made in fraud of his creditors. If, however, the matter relied on or relief sought is peculiarly of equitable cognizance, the judgment at law is not a bar to a bill addressed by the defendants in the ejectment, as plaintiffs, to the equity side of the District Court. (*Lorraine* v. *Long*, 6 Cal. 453; *Hough* v. *Waters*, 30 Cal. 309; *Ayres* v. *Bensley*, 32 Cal. 620.)

The general rule is that the jurisdiction in equity is limited to cases where there is no remedy at law, or none that is plain, adequate and complete. The application here is made in a case where the jurisdiction is, to some extent, concurrent, but where the peculiar remedy sought cannot be administered in a Court of law. The defendants in ejectment would perhaps have been able to maintain their possession, on the ground that the deeds of the testator and of Sarah R. Clark were void as against creditors; but they could not have obtained a decree annulling the deeds as against the creditors, except upon the allegations of a cross-complaint praying affirmative relief. "Before the case can be considered beyond the reach of a Court of equity, it must be made to appear that the legal remedy would be adequate and complete." (*Hager* v. *Shindler*, 29 Cal. 55.)

Appellants also contend that the plaintiff—as judgment creditor of the estate of James Stokes, deceased—cannot

maintain an action to reach property fraudulently conveyed by the testator in his lifetime.

It was at one time much disputed whether an administrator could set aside a fraudulent conveyance of the personalty by the intestate; and, under our system, a fraudulent conveyance of the realty would stand upon a like footing. But the right of the executor or administrator to maintain suit was settled by sections two hundred and two and two hundred and three of the Probate Act. Those sections provide that the executor or administrator may (on the application of a creditor, who shall give security for costs and expenses) prosecute any proper action with reference to such fraudulent conveyance.

The purpose of the statute is accomplished by empowering the executor or administrator to prosecute the suit. It does not purport to exclude the creditors from bringing it, if they are authorized so to do by the general law. "The creditors have their remedies independently of the administrator; for a fraudulent donee, taking or keeping possession of the goods, is at common law liable as executor *de son tort;* and the creditors are entitled to go into equity against the property in the hands of the fraudulent grantee." (1 American Leading Cases, fourth edition, 43.)

The conveyance from James Stokes to his wife vested in her—as against the grantor and his heirs or devisees—his whole estate in the land conveyed. (Act concerning fraudulent conveyances, Sec. 20; *Bank of U. S.* v. *Burke,* 4 Blackf. R. 141.) Except for the sections of the Probate Act above referred to, the executor could not render available or reduce to assets that which the testator could not demand or recover; nor would the Probate Court have any control of the fund arising out of a sale of the property fraudulently conveyed. I express no opinion as to whether, if it appeared that there were other creditors than those who initiated the proceedings, the District Court would confine itself to annulling the conveyances as against all the creditors. Here it does not appear that there is any other creditor, and there can be no reason why a Court of equity should not decree a sale of the premises and an application of the proceeds to the plaintiff's debt.

The judgment against the executor proves the indebtedness *prima facie* in favor of the plaintiff as against the grantees of the testator. (*McLaughlin* v. *Bank of Potomac,* 7 How. U. S. R. 221.)

Judgment and order denying motion for new trial affirmed.