In re DOWNING.

(Circuit Court of Appeals, Second Circuit. December 9, 1912.)

No. 39.

1. BANKRUPTCY (§ 142*)—RIGHTS OF TRUSTEE—PROPERTY FRAUDULENTLY CONVEYED.

A bankrupt's trustee is vested with all the rights, remedies, and powers of a judgment creditor of the bankrupt having an execution returned unsatisfied, and, if a transfer be in fraud of creditors, he may set it aside, have the property sold, and apply the proceeds to the payment of debts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 222; Dec. Dig. § 142.*]

2. BANKRUPTCY (§ 257*)—RIGHTS OF TRUSTEE—PROPERTY FRAUDULENTLY CONVEYED—TRANSFERABLE INTEREST.

A bankrupt's trustee has a transferable interest in real estate owned by the bankrupt and transferred by him in fraud of creditors, though made more than four months prior to the bankruptcy proceedings, and may sell such interest, together with the right to sue to set aside the fraudulent transaction.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 356, 357; Dec. Dig. § 257.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. BANKRUPTCY (§ 259*)—PROPERTY FRAUDULENTLY CONVEYED—RIGHT TO SUE
—ASSIGNMENT.

> Where a trustee in bankruptcy was unable to prosecute a suit to set aside an alleged fraudulent transfer of real property by the bankrupt to his wife, because the trustee had no funds and creditors refused to contribute, he was properly authorized to sell his interest in the property, and to assign his right to sue for the benefit of the estate.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 356–358; Dec. Dig. § 259.*]

> Lacombe, Circuit Judge, dissenting.

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of New York; George W. Ray, Judge.

In the matter of bankruptcy proceedings of Augustus S. Downing. Petition to review an order (192 Fed. 683) authorizing the trustee to sell his interest in certain real estate, together with his right to set aside a fraudulent conveyance of such property by the bankrupt to his wife in alleged fraud of creditors. Affirmed.

Charles B. Sullivan, of Albany, N. Y. (Danforth E. Ainsworth, of Albany, N. Y., of counsel), for petitioner.

W. H. Maider, of Gloversville, for respondent.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. The order appealed from permits the trustee to sell his interest in certain real estate, together with his right to set aside as fraudulent a conveyance of such property by the bankrupt to his wife, in alleged fraud of creditors. The trustee is unable to prosecute a suit for this purpose for he has no funds. The creditors have been asked to contribute, but have declined to do so. The trustee cannot wind up the estate and procure his own discharge with this interest and right of action undisposed of. It is of some value, for he has already received an offer of $301 therefor. In such circumstances, what is to be done? Is there any alternative but to sell whatever interest and right he possesses?

The order of the District Court does not pass upon the validity of the transfer of the real estate; there is nothing in the order itself or in the opinion of the court deciding that the transfer was fraudulent; that question must be decided when the proper action is brought to set it aside.

[1] All that the court decided is that the trustee is vested with all the rights, remedies and powers of a judgment creditor of the bankrupt with the execution returned unsatisfied and, if a transfer be in fraud of creditors, he may set it aside, have the specific real property sold and apply the proceeds to the payment of debts proved against the bankrupt.

[2] The trustee has a transferable interest in real estate owned by the bankrupt and transferred by him in fraud of his creditors, even though made more than four months prior to the proceedings in bankruptcy and may sell this interest, together with the right vested

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in him by statute to maintain an action to set aside such fraudulent transfer.

[3] The sale is to be made without warranty or representation of any kind and the purchaser takes simply the trustee's interest in the real property and his right to bring an action. The right may be valuable and it may be worthless; whoever buys does so with a full understanding of the character of the claim, he cannot be misled into thinking that the District Court or this court has in any way recognized the validity of the claim by directing that it be sold.

The order is affirmed.

LACOMBE, Circuit Judge (dissenting). I am unable to concur with the majority, as in my opinion the trustee has nothing which he can transfer. The right which the amendment gave him to institute a suit, as a judgment creditor could, to set aside a conveyance as fraudulent, was given to him for the purpose of securing a ratable division of all the bankrupt's estate among all his creditors. If he transfers this right to a single creditor, who in the event of success will secure for himself the property covered by the alleged fraudulent conveyance, the very object of the amendment, as it seems to me, is defeated. Usually the sale will be illusory. There is no real market for such a thing. Some particular creditor having inside information will often avail of it to secure a preference. It seems to me contrary to public policy to allow the trustee to transfer a right, given to him for the benefit of all, to some one who, possessed of secret information may be willing to buy it.

In another way such practice may work injustice. Often the transferee of a fraudulent conveyance has a bona fide claim against the bankrupt. If the trustee sets aside the conveyance, the transferee may prove his bona fide claim against the estate and get whatever dividend he may be entitled to. In the event, however, of such a sale as this, the estate would usually be wound up and distributed before the action to set aside conveyance came to trial. In that event the transferee may lose, not only the property conveyed to pay the debt due him, but also the debt itself.

For these reasons I dissent.