[Civ. No. 1036. Third Appellate District.—June 23, 1913.]

RICHARD BESWICK, Appellant, v. CHURCHILL COM-PANY (a Corporation), et al., Respondents.

ESTATE OF DECEDENT—CONVEYANCE IN FRAUD OF CREDITORS—ACTION BY CREDITOR TO SET ASIDE.—Where a debtor conveyed property in alleged fraud of creditors, creditors cannot, after his death, bring an action to set aside the conveyance without first having applied to the court for an order directing the administrator to bring the action, as provided by sections 1589 and 1590 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Siski-you County. James F. Lodge, Judge.

The facts are stated in the opinion of the court.

A. H. Davis, and B. K. Collier, for Appellant.

James R. Tapscott, and Bert Schlesinger, for Respondents.

BURNETT, J.—The appeal is from the judgment follow-ing an order sustaining a demurrer to the complaint. The action was brought by a judgment creditor of the grantors to set aside, on the ground that they were made to defraud creditors, certain deeds that were executed on June 29, 1900. It appears by the complaint that said grantors, Presley A. Dorris and Carlos J. Dorris, have died and administrators of their estates have been appointed and administration thereof is still pending, and plaintiff, therefore, prayed that said deeds of conveyance be set aside ''as fraudulent and null and void . . . and that said property and all of it be declared, by the order and decree of this court, to be the property of the estate of Presley A. Dorris, and the estate of Carlos J. Dorris, deceased.'' The complaint is voluminous, covering

sixty type-written pages, and the demurrer is not so far behind and it suggests, probably, about every conceivable question of law that can arise in the case, but we deem it necessary to notice only one point which is pressed upon our attention. That is stated by respondents as follows: "There is no allegation that demand has ever been made on the administrators to commence this action and complainant should have applied to the court for an order compelling the administrators to sue."

This question was very carefully considered by the United States circuit court for the northern district of California in the case of *Beswick* v. *Dorris et al.*, 174 Fed. 502, an action between the same parties and brought for the same purpose as the one at bar, and, in the opinion rendered by Judge Van Fleet, it was said: "Section 1589 of the Code of Civil Procedure, Cal., so far as pertinent here, provides as follows: 'When there is a deficiency of assets in the hands of an executor or administrator, and when the decedent, in his lifetime, has conveyed any real estate, or any rights or interests therein, with intent to defraud his creditors, . . . the executor or administrator must commence and prosecute to final judgment any proper action for the recovery of the same; and may recover for the benefit of the creditor all such real estate so fraudulently conveyed.' Section 1590 of the same code provides that the executor or administrator is only bound to bring such action on application of a creditor 'who must pay such part of the costs and expenses of the suit, or give such security, to the executor or administrator therefor, as the court, or a judge thereof, shall direct.'

"Reading these two sections in conjunction, it will be seen that the application to have such action brought by the representative of the estate must be made to the court, and an order procured directing the suit to be brought; and this is the interpretation which has been put upon these provisions. (*Mesmer* v. *Jenkins*, 61 Cal. 151; *Emmons* v. *Barton*, 109 Cal. 662, [42 Pac. 303].)"

After stating that complainant did not pursue this course but had merely made a demand upon the representative of the estate to proceed, the opinion continues: "This was not the equivalent of the course required by the statute. Complainant should have made his application to the court, and

upon proper representations the administrator could have been required to bring the action. The allegation shows no more than a mere personal demand upon the administrator, and does not disclose that the matter was ever brought to the attention of the court.

"Whether the remedy thus afforded by the statute is exclusive of the right of the creditor to sue in any event is left in some doubt by the decisions of the supreme court of the state. (*Hills* v. *Sherwood*, 48 Cal. 386; *Ohm* v. *Superior Court*, 85 Cal. 545, [20 Am. St. Rep. 245, 26 Pac. 244] ; *Mesmer* v. *Jenkins*, 61 Cal. 151; and *Emmons* v. *Barton*, 109 Cal. 662, [42 Pac. 303] ; *Herrlich* v. *Kauffmann*, 99 Cal. 271, [37 Am. St. Rep. 50, 33 Pac. 857] ; Freeman on Executions, sec. 394.) But, however this may be, I think that where, as here, the creditor confessedly brings the action in behalf of all the creditors of the estate to cover the property into the hands of the administrator and be disposed of in the regular course of administration, the court having the estate in its keeping should be given the opportunity to say whether the action shall be brought by the representative of that estate before the creditor is at liberty to pursue an alternative remedy."

As to the complaint before us it may be said that there is not even an allegation of any demand or request ever having been made of the administrators or either of them to bring suit and no pretense whatever that any application was made to the court for an order to direct the representative of the estate to proceed in the matter. There is nothing to show that either of said administrators was or is hostile to plaintiff or that either would decline to bring suit if he were properly protected in the matter of costs.

We have looked in vain through the complaint to find any reason given or suggested why plaintiff did not take the course clearly contemplated by the statute in order that the action might be brought by the decedent's representative, who is directly charged with the responsibility and duty of recovering property belonging to the estate and of administering it for the benefit of those to whom it belongs.

The only allegations in the complaint that might be said to have any bearing upon the question show that neither of said administrators was a party to any fraud charged by plaintiff and it is a reasonable inference from certain declared conver-

sations with Rolland D. Dorris, the administrator of the estate of said Presley A. Dorris, deceased, that said administrator is friendly to plaintiff and anxious to assist him in the collection of his claim.

In brief, if the judgment is to be reversed, it must be by reason of the fact that a judgment creditor is placed upon the same footing as the administrator or executor in the right to bring an action to recover property belonging to the estate. This is not, in our opinion, a reasonable view of the law as the legislature has provided it in this state.

In Freeman on Executions, sec. 394, it is said: "A code of procedure is usually understood as prescribing remedies which are exclusive in their nature, and which, when applicable to the relief sought, exclude or supplant all other modes of redress."

In *Hills* v. *Sherwood,* 48 Cal. 386, it is true, it was said: "The purpose of the statute is accomplished by empowering the executor or administrator to prosecute the suit. It does not purport to exclude the creditors from bringing it if they are authorized to do so by the general law." It is to be observed, though, that this case decides simply that the statutory proceeding does not provide the exclusive remedy.

While the Sherwood case is not overruled, the limitation of its application is indicated in the Emmons opinion, wherein it is said: "That case, however, was decided under the law, as it stood before the codes went into operation; and it probably goes further than would be warranted under our Code of Civil Procedure, which is usually understood as presenting remedies which 'when applicable to the relief sought, exclude or supplant all other modes of relief.' (Freeman on Executions, sec. 394; *Herrlich* v. *Kauffmann,*. 99 Cal. Cal. 271, [37 Am St. Rep. 50, 33 Pac. 857].) Ordinarily an action to recover property fraudulently conveyed by a decedent in his lifetime should be brought by his executor or administrator, and such an action by a creditor would not lie—at least, unless he shows an exhaustion of all means to procure such an action to be brought by the proper person." The court held, however, that the situation therein was exceptional, as, since the executrix was the alleged fraudulent grantee and since she could not sue herself and the conditions did not constitute a statutory cause for removal; it was a case where

the code provision is not "applicable to the relief sought."
It was therefore held that, under the circumstances disclosed,
a creditor was entitled to bring the action "for the benefit of
all the creditors."

In *Fehringer* v. *Commercial National Bank of Utah,* 23
Utah, 393, [64 Pac. 1108], the court cited with approval the
following from *Caswell* v. *Caswell,* 28 Me. 232: "If the ad-
ministrator should unfaithfully perform all his duties accord-
ing to the law and his authority thereby conferred, the
object intended would be fully attained. He has the power
to accomplish substantially all which is sought by the present
suit. The creditors are secured, as a part of his qualifications,
against negligence, and for the faithful discharge of his trust,
by his oath and bond. If he should unreasonably refuse or
neglect to administer the estate according to law and his
understanding, on proof of such delinquency to the judge of
probate the latter would be bound to remove him, and make
an appointment for another, who might be a creditor; and
if such should be appointed, he would be induced by his
interest as well as by his duty to do all which would be for the
benefit of those for whom he should act." The Utah court
reviews a large number of cases and concludes that "The
plaintiffs, if they had taken the steps required by section
3923 of the Revised Statutes (identical with sec. 1590 of our
Code Civ. Proc.) would, in case the administrator, upon re-
quest, refused to bring the suit, have had the right to have
the administrator removed, and another appointed in his
place, or they could have then rightfully instituted said action
in their behalf and that of the other creditors. As, however,
the steps required by said section were not taken, they had
no right to bring or maintain said action."

In *Putney* v. *Fletcher,* 148 Mass. 247, [19 N. E. 370], it was
said, by the supreme court of Massachusetts, that: "For the
due and orderly settlement of the estate of a deceased person,
under the direction and supervision of the probate court, the
statutes contemplate that there shall be an executor or ad-
ministrator, who is entitled to represent the interests involved,
and if it happens that an executor or administrator is unsuit-
able for that purpose, he may be removed and another ap-
pointed in his place. . . . And where the estate of the de-
ceased has been represented insolvent, and it appears that a

conveyance of land was made by him in his lifetime, which there is reasonable ground to believe fraudulent, the creditors have a right to insist that an administrator shall try the question, and if he refuses to do so, after an offer of proper indemnity, he should be removed and another appointed in his place. . . . It would lead to great complications if several creditors were allowed to pursue a remedy in equity to reach and apply property of the estate of a deceased person, which had been fraudulently conveyed by him in his lifetime. The fact that the plaintiff was, according to his averment, the sole remaining creditor does not change the course of procedure which he is entitled to follow.''

That the creditor should, in the first instance at least, resort to the statutory method is not a harsh requirement and in the case at bar the plaintiff could not even plead ignorance of the rule as his attention was forcibly directed to it in his own case decided in the federal court as aforesaid.

We think the judgment should be affirmed and it is so ordered.

Chipman, P. J., and Hart, J., concurred.