[No. 13697.    Department One.    December 29, 1916.]

## N. C. STRONG, *Respondent*, v. J. T. DURDLE *et al.*, *Appellants*.[1]

BANKRUPTCY — SCHEDULE OF PROPERTY — COMMUNITY DEBT AND PROPERTY. Where a judgment was recovered against a husband and wife, as a community debt, and the husband filed a petition in bankruptcy and was declared a bankrupt, a lot constituting community property and a tract conveyed by the husband to the wife as her separate property in fraud of creditors are properly scheduled as assets in the bankruptcy proceeding.

SAME—SCHEDULE OF PROPERTY—PROCEEDINGS—AMENDMENT — NOTICE. An amendment adding certain property to the schedule of assets of a bankrupt cannot be attacked for want of notice by one who had her day in court in an action to determine that the property was an asset and liable for the debts.

SAME—PROPERTY CONVEYED IN FRAUD OF CREDITORS—SALE—RIGHTS OF PURCHASER—QUIETING TITLE. Since a trustee in bankruptcy has a right to sell property which has been conveyed fraudulently more than four months prior to the filing of the petition, the purchaser from the trustee may maintain an action to quiet his title against the fraudulent grantee.

SAME—SALE—QUIETING TITLE—FORM OF DECREE. Where title to property of a bankrupt, fraudulently conveyed more than four months prior to the filing of the petition, was quieted in the purchaser from the trustee in bankruptcy, the fraudulent grantee has no right to redeem the property; and hence cannot complain of a provision in the decree giving her the right to redeem within one year upon paying the purchaser's claim against the bankrupt's estate.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered February 23, 1916, in

[1]Reported in 162 Pac. 6.

favor of the plaintiff, in an action to quiet title, tried to the court.  Affirmed.

*O. M. Nelson,* for appellants.

*Tom W. Holman,* for respondent.

MAIN, J.—The purpose of this action was to quiet title to real estate.

The defendants named in the complaint were J. T. Durdle and Sarah E. Durdle, his wife, and J. E. Stewart, trustee in bankruptcy of the estate of J. T. Durdle.  The trial of the cause resulted in the judgment sought by the complaint. From this judgment, Sarah E. Durdle appeals.  The facts are these:

On the 29th day of May, 1914, the respondent, in an action in the superior court of Chehalis county, obtained a judgment against J. T. Durdle and "against the community con-. sisting of the defendants J. T. Durdle and Sarah E. Durdle." On July 20, 1914, J. T. Durdle filed a voluntary petition in bankruptcy in the Federal court.  After this petition was filed and Durdle was adjudged a bankrupt, a schedule of the assets and liabilities of the bankrupt estate was filed.  N. C. Strong, the respondent here, appeared in the bankruptcy proceeding and filed his claim, and later, on September 25, 1914, filed a petition asking that the schedule of assets be amended, and that there be included therein two tracts of land, one described as lot 10 in a certain addition to the town of Montesano, and another tract in the same addition.  The latter, in the briefs, is simply referred to as the "tract," to distinguish it from the lot, and a like manner of reference will be here adopted for the purpose of avoiding repetition of a detailed description.  The referee in bankruptcy, after a hearing upon the petition to amend the schedule of assets, entered an order directing that lot 10 and the tract be included in the schedule of assets of the bankrupt's estate.  On October 10, 1914, the referee in bankruptcy entered an order directing the trustee to sell the interest of the bankrupt estate

in lot 10 and the tract.  Acting under this order, both pieces of property were sold, and purchased by the respondent, Strong.  This sale was confirmed by the referee, and the trustee was directed to execute the deed to Strong.  On October 13, 1914, the trustee in bankruptcy, by deed, conveyed lot 10 and the tract to the respondent.  Thereafter, and on or about the 24th day of October, 1914, the present action was instituted for the purpose of quieting title in the respondent.

On the trial, two questions of fact were litigated.  First, was lot 10 community property, and second, had the tract been conveyed by J. T. Durdle to his wife for the purpose of defrauding creditors?  The trial court sustained the contention that lot 10 was community property, and that the other tract had been fraudulently conveyed to Mrs. Durdle.  Without reviewing the evidence in detail, it may be said that, in our opinion, the weight of the evidence sustains the judgment of the trial court.  If lot 10 was community property, there can be no question but that it was properly added to the schedule of assets in the bankruptcy proceeding for the purpose of meeting claims properly chargeable to the community, because, as above noted, the respondent's judgment was a community judgment.  Likewise, if the tract had been fraudulently conveyed by J. T. Durdle to his wife as her separate property, in fraud of creditors, it was properly scheduled as assets in the bankruptcy proceeding.  It is claimed by the appellant that she did not have legal notice of the proceedings in the bankruptcy court by which the schedule of assets was amended.  The order of the referee recites "notice having been duly given of hearing upon such petition."  But assuming, without deciding, that the appellant may attack in this proceeding the recital in the order of the referee, she has not been harmed, even though she had no notice of the bankruptcy proceeding.  She has had her day in court in the present action, where the question whether lot 10 was community property and whether the tract had been conveyed in

fraud to creditors was fully litigated and determined against her.

The principal contention of the appellant in this case, however, appears to be that the respondent has no right to bring this action, but that the trustee in bankruptcy should have instituted the proceeding. This contention assumes that the respondent here is bringing the action as a creditor of the bankrupt estate, but this is not the capacity in which he sues. The action was instituted by the respondent not as a creditor, but as a purchaser of the property sold in the course of the bankruptcy proceedings. The property here in controversy passed to the wife more than four months prior to the date on which the petition in bankruptcy was filed. It is the holding of Federal courts that property conveyed in fraud of creditors more than four months prior to the time of the filing of the petition in bankruptcy may be sold, and the purchaser will take such title as the trustee in bankruptcy may have had, together with the right to institute an action for the purpose of setting aside the fraudulent conveyance. In *In re Downing*, 192 Fed. 683, it was said:

"It seems to me that inasmuch as the trustee in bankruptcy is vested with all the rights, remedies, and powers of a judgment creditor of the bankrupt with execution returned unsatisfied, and one of those rights is (assuming the transfer was in fraud of creditors) to set aside the transfer, have the specific real property sold, or sell same, and the proceeds applied to the payment of all proved and allowed claims against the bankrupt, the trustee has an interest in such property. His rights and interest are something more than a mere possibility or expectancy, not coupled with any interest in or growing out of property. And it is something more than a litigious right. If the action is prosecuted successfully, the judgment reaches and operates on the specific property sold or transferred by the bankrupt, the title of the fraudulent vendee is divested, and the true title transferred to a purchaser or to the trustee in bankruptcy and the proceeds so far as necessary go to the trustee for creditors or to the purchaser of such rights from such trustee. It is true

that the transferee (assignee) of the trustee in bankruptcy would not be prosecuting the action for the benefit of the creditors of the bankrupt, but in his own interest and for his own benefit. The answer to this is that such assignee of the trustee has paid a consideration for the transfer of the rights to the trustee who holds same for the creditors. The creditors do not object to this mode of realizing on the claim or right of action, but, in fact, make a resort thereto necessary. The assignment of the right of action with a transfer of such interest as the trustee has in the real property in no way prejudices Mrs. Downing. She is not deprived of any defense."

That case was reviewed by the circuit court of appeals for the second circuit, *In re Downing*, 201 Fed. 93, and the judgment of the district court affirmed. It was there said:

"The trustee has a transferable interest in real estate owned by the bankrupt and transferred by him in fraud of his creditors, even though made more than four months prior to the proceedings in bankruptcy, and may sell this interest, together with the right vested in him by statute to maintain an action to set aside such fraudulent transfer.

"The sale is to be made without warranty or representation of any kind and the purchaser takes simply the trustee's interest in the real property and his right to bring an action. The right may be valuable and it may be worthless; whoever buys does so with a full understanding of the character of the claim, he cannot be misled into thinking that the District Court or this court has in any way recognized the validity of the claim by directing that it be sold."

In *Belding-Hall Mfg. Co. v. Mercer & Ferdon Lum. Co.*, 175 Fed. 335, it was held that the assignee of a trustee in bankruptcy could not maintain an action to set aside a voidable preference where the property had been transferred within the four months next preceding the filing of the petition in bankruptcy. The Federal courts make a distinction between the right of the trustee in bankruptcy to sell property which has been conveyed fraudulently more than four months prior to the filing of the petition in bankruptcy, and

property which has been transferred within four months of the filing of such petition and therefore constitutes a voidable preference under the Federal bankruptcy act.

The appellant complains of the form of the judgment of the trial court, in this: The judgment provided that the appellant should have one year in which to redeem the property and pay the respondent's claim, but that if she failed to do this, then the title would stand quieted in the respondent. The judgment giving the right to the appellant to redeem, was in her favor, and was not appealed from by the respondent. If the respondent acquired a good title by virtue of the sale in bankruptcy, the appellant did not, as a matter of right, have the privilege of redeeming. This, however, was given her by the trial court out of the equitable consideration of the case. As the judgment now stands, if the appellant pays the amount of the respondent's claim specified in the judgment, she retains title to the property.

There is no reason why the judgment in this particular should be disturbed.

The judgment will be affirmed.

MORRIS, C. J., CHADWICK, PARKER, and ELLIS, JJ., concur.