[L. A. No. 12728.   In Bank.—December 4, 1933.]

W. R. JACKSON, Respondent, v. DEAUVILLE HOLDING COMPANY (a Corporation) et al., Appellants.

Clement L. Shinn, Julius V. Patrosso, Walter J. Little, S. Oliver Bletz and George Appell for Appellants.

Marion P. Betty, Thorwald Siegfried and Guy T. Graves for Respondent.

WASTE, C. J.—Defendants appeal from a money judgment entered in favor of the plaintiff.

Plaintiff is the assignee of fifty-one individuals who purchased memberships in the Deauville Beach Company through the instrumentality of the Deauville Holding Company. The Beach Company is a nonprofit corporation organized under the laws of this state. The Holding Company is a corporation organized in Nevada and authorized to do business in this state. The incorporators planned to construct a beach clubhouse in Santa Monica upon land to be purchased by the Nevada corporation and club memberships were sold by agents of the Holding Company through means of a prospectus giving elaborate details regarding the type of building and the facilities to be offered club members.

The plaintiff pleaded three causes of action and had judgment upon the second cause only. This cause is a simple action for damages for fraudulent representations which the trial court found were the inducements which led plaintiff's assignors to part with certain sums of money and which the court found caused damages in the precise amounts so paid. It would serve no useful purpose to detail the representations of fact upon which the plaintiff relied and which the trial court found were made without intent to perform—it is sufficient to refer to one relating to the type of structure to be erected. It is alleged and found that defendants' agents represented to the purchasers that two buildings would be erected for the use of club members, one to be twelve stories in height and to contain five hundred sleeping-rooms; that a gymnasium, outdoor plunge, nursery and special auto-parking facilities would be provided. The court found that but one building was constructed and that no sleeping-rooms and none of the other promised facilities was included. It is alleged in the complaint that the failure to fulfill these promises depreciated the value of the memberships.

The sale having been made upon representations affecting the value of the thing sold, the vendees are entitled to recover damages for the fraud practiced upon them. The measure of such damages is the difference between the actual value of the property purchased and the value it would have had if the representations had been true. (*Spreckels* v. *Gorrill*, 152 Cal. 383 [92 Pac. 1011]; *Hines* v. *Brode*, 168 Cal. 507 [143 Pac. 729].) In its judgment herein the trial court awarded damages in the exact sums paid in by the purchasers after finding that the property purchased is without value.

In his first cause of action plaintiff sued for "money had and received" under the theory that the contracts were all void "*ab initio*", because they were executed before the corporation had legal authority to contract. In his second cause the plaintiff elected to affirm the contracts and to sue for damages for the fraud. The third cause was in equity to impress a trust. The court below denied recovery upon the first and third causes of action and limited its judgment to the second.

We are thus faced with the pertinent question whether an action in tort of this character is capable of assignment. The authorities on the subject are collected and the principles of law announced in our recent decision in *Wikstrom* v. *Yolo Fliers Club*, 206 Cal. 461 [274 Pac. 959]. It therein appears: "As regards particular results, it is pretty generally held in America that the only causes or rights of action which are not transferable or assignable in any sense are those which are founded upon wrongs of a purely personal nature, such as slander, assault and battery, negligent personal injuries, criminal conversation, seduction, breach of marriage promise, malicious prosecution, and others of like nature. All other demands, claims and rights of action whatever are generally held to be transferable. In conformity with the principle just stated the following demands, claims, and rights of action have been held to be assignable; causes of action arising from the breach of a contract of any kind (except the breach of a promise to marry); causes of action arising from torts *which affect the estate* rather than the person of the individual who is injured. Under the latter head are claims arising from the carrying away or conversion of personal property, from the fraudu-

lent misapplication of funds by the officer of a bank, from negligent or intentional injury done to personal property or upon real estate. In view of the general tendency to recognize the transferability of rights of action growing out of injuries done in respect of one's property or estate, it is somewhat curious to note that it is commonly held that the right of action for fraud and deceit is not assignable. But where *property* is obtained by deceit or fraudulent device of any sort, the cause of action is assignable, for here the injury is done in respect of the particular property which is wrongfully acquired. . . .

"But, supplementing said general doctrine, it must be said that sections 953 and 954 of the Civil Code have lifted many of the restrictions imposed by the rule of the common law upon this subject. There can be little doubt that the cause of action set forth in the complaint here is a 'thing, in action' under said section 953 and arises 'out of the violation of a right of property', under said section 954, and is expressly made assignable and declared to survive the death of the owner by the latter statute. That these statutes were intended to liberalize the common-law rule was expressly held in *Morris* v. *Standard Oil Co.,* 200 Cal. 210, 214 [252 Pac. 605]. . . . "

The Wikstrom case, *supra,* refers with approval to *McCord* v. *Martin,* 34 Cal. App. 129, 132 [166 Pac. 1014], wherein it is declared: "We are unable to give our concurrence to the views of the trial court in sustaining the defendants' demurrers without leave to the plaintiffs to amend upon the ground that the causes of action set forth in the complaint were not assignable. It is true, as the respondents contend, that naked actions for fraud and deceit are not the subject of assignment under long and well-settled rules of equity. But the state of facts set forth in the plaintiffs' amended complaint and above recited does not present a case where the plaintiffs are seeking to recover upon assigned claims for damages for naked fraud and deceit involving no substantial right of property in plaintiffs' assignors. On the contrary, the facts, in our opinion, clearly show that the defendants, by means of their alleged fraudulent and deceitful acts and conduct, were enabled to come into possession of an amount of money representing the difference between eight dollars a share, which the respective stockholdings of plain-

tiffs' assignors in the Lost Hills Mining Company were really worth and for which they were actually sold, and the sum of five dollars per share, which was all that the plaintiffs' assignors received for their said stock by reason of the defendants' fraudulent and deceitful representations. This sum of money, amounting to the exact damages claimed in this action, was a sum of money which these defendants must be equitably held to have received and retained for the use and benefit of the plaintiffs' assignors, the right to recover which was a substantial part of their cause of action against said defendants. It is not disputed that the form of assignment to plaintiffs was sufficient to cover the entire equitable and property rights and claims of the plaintiffs' assignors in the premises, and was thus a transfer of much more than a mere naked right of action for fraud and deceit, since it included also the right to recover the respective sums of money which the defendants had received for the use and benefit of plaintiffs' assignors and to which in equity they were justly entitled. This being so we are entirely satisfied that these several causes of action were assignable under sections 953, 954, and 1044 of the Civil Code. . . . ''

In our opinion the quotations from the cited cases are determinative of the present appeal. ■ There is ample evidence in the record now before us to support the trial court's findings that the plaintiff's assignors by reason of fraudulent representations were induced to part with $5,929.60, the exact amount of damages here sought and recovered, in exchange for which they received club memberships found to be valueless. In other words, *property* of the plaintiff's assignors was acquired and their estate diminished by fraud and deceit. This being so, the causes of action transferred to the plaintiff, and here sued on, are not, within the meaning of the cited cases, naked, unassignable causes of action for fraud unconnected with any property or thing which had itself a legal existence and value independent of the right to sue for fraud. ■ The form of assignment to plaintiff was sufficient to cover the property rights and claims of his assignors in and to the moneys so obtained by fraud and deceit and, therefore, represents and constitutes a transfer of more than a mere naked right of action for fraud and deceit, since it includes

also the right to recover the respective sums of money so obtained.

Our conclusion makes it unnecessary to consider other points discussed by the parties.

The judgment is affirmed.

Preston, J., Thompson, J., Shenk, J., Seawell, J., Langdon, J., and Curtis, J., concurred.

Rehearing denied.