[Civ. No. 16663. First Dist., Div. Two. July 16, 1956.]

GUS GOLDSTEIN et al., Respondents, v. HENRY I. PRIEN, Appellant.

William Steinberg for Appellant.

Rhein, Dienstag & Levin and Jay Jackson for Respondents.

THE COURT.—This is an appeal by defendant Prien from a judgment declaring null and void a chattel mortgage recorded by him on certain hotel directory boards and bus schedule boards purchased by plaintiffs-respondents from the executor of the estate of Henry A. Douglas, deceased, together with the directory advertisement business in which deceased had used them, and perpetually enjoining appellant from selling said boards. The facts are undisputed.

On March 3, 1953, appellant loaned Henry A. Douglas $10,000 for which he received a note and the chattel mortgage mentioned above. Prior to the execution of the chattel mortgage the intention to do so was recorded and published in accordance with section 3440.1 of the Civil Code, but the

mortgage itself was not recorded at the time it was executed as required by section 2957 of the Civil Code. The mortgage was still unrecorded when Douglas died on April 24, 1953, and when his executor qualified in May, 1953. The recordation took place on June 3, 1953, only. On June 22, 1953, appellant presented to the executor his claim on the note which was allowed. The copy of the note mentioned that the note was secured by a chattel mortgage (unspecified) of the same date, but copy of the mortgage was not filed with the claim or a description given as prescribed by section 706 of the Probate Code, and it is conceded that the claim has been allowed as an unsecured one only. The estate has at all times been insolvent. On August 1, 1953, the executor sold the directory advertising business for $20,100 to respondents inclusive of the boards on which appellant had recorded the mortgage. The sale was confirmed on August 17, 1953. On the same day appellant's attorney notified respondents of the claimed mortgage lien. The attorney had so informed the executor on June 17, 1953.

It is and was the position of plaintiffs-respondents that because of the three months' delay in recordation the chattel mortgage under section 2957 of the Civil Code was void as to creditors existing prior to the recording; that said invalidity was extended to the executor of an insolvent estate as trustee for creditors by section 579 of the Probate Code and that as purchasers from said executor they obtained the chattels free of the mortgage irrespective of whether they had notice of the mortgage or not. Appellant mainly contends that even if the mortgage was void as to creditors it was not void as to the executor to whom section 579 of the Probate Code gave a right of action only in a situation not present in this case and certainly not as to respondents who were not creditors but purchasers with notice as to whom the mortgage is valid under section 2973 of the Civil Code. We have concluded that the position of plaintiffs was correctly sustained.

█ There is no doubt that the unexplained delay of three months in recordation caused the chattel mortgage to be void as against all creditors of Douglas who became such prior to said recordation (*Wolpert* v. *Gripton,* 213 Cal. 474 [2 P.2d 767]; *In re Hansen,* 268 F. 904) and, as the recordation took place after Douglas' death only, this includes all his creditors.

█ Although section 579 of the Probate Code, *supra,* literally contains only a duty of the executor of an insolvent estate to prosecute on application of a creditor an action to recover

fraudulently conveyed property or property, the conveyance of which is by law void as against creditors, said provision is evidently based on the legislative intent that such property ought to be an asset of the insolvent estate and that the executor is entitled to it as trustee for creditors. In *Webb* v. *Pillsbury*, 23 Cal.2d 324, 328 [144 P.2d 1, 150 A.L.R. 504] it is said: "Section 579 of the Probate Code recognizes that the right to recover property conveyed by a decedent in fraud of creditors is an asset of his insolvent estate and that the executor or administrator is a trustee thereof for the benefit of creditors. The primary object of the statute is to enable the trustee to reduce that asset to possession and administer it for the benefit of creditors under the direction and supervision of the probate court." ■ Accordingly the executor of an insolvent estate must recover possession of such property also in the absence of the request of a creditor (21 Cal. Jur.2d 428; *Silva* v. *Superior Court*, 83 Cal.App.2d 521, 533 [189 P.2d 314]).

■ Section 579 treats a conveyance "that by law is void as against creditors" in exactly the same manner as a fraudulent conveyance. ■ As section 2957 of the Civil Code expressly declares void as against creditors the chattel mortgage not timely recorded, it is irrelevant, whether, as contended by appellant, the granting of said mortgage was not actually fraudulent. ■ The executor of the insolvent estate is as trustee for creditors entitled to the asset as if the encumbrance invalid as to creditors had not taken place. The mortgage is void as to him in said capacity. ■ Section 2973 of the Civil Code which declares chattel mortgages not made in accordance with the statutory provisions here involved nevertheless valid between the parties, their heirs, legatees and personal representatives need not be considered to conflict with the power given the executor or administrator of an insolvent estate in section 579 of the Probate Code, because said power is given him not as a representative of the decedent but as a trustee for creditors, but even if there were a conflict, the special provision of section 579, *supra*, restricted to the executor or administrator of an insolvent estate would prevail over the general provision of section 2973, *supra*, relating to all personal representatives of the parties.

■ The main task of the executor in administering such assets in behalf of creditors is their liquidation. ■ To be able to liquidate the asset in this case no action against the

mortgagee was required, as the general possession of the chattels remained in the mortgagor and the executor and the mortgage was by law declared void, not voidable, as to creditors. (*Cf. Scholle* v. *Finnell,* 166 Cal. 546, 552 [137 P. 241].) ██ The possibility of liquidation would be impaired and the invalidity of the mortgage as against the creditors and the executor as their trustee would be of no avail if the purchaser from the executor would not also obtain the chattels free of the mortgage. The position of respondents, as purchasers from the executor, is analogous to the position of one purchasing from a bona fide holder, which subsequent purchaser is held to stand in the shoes of the bona fide holder and·like him to take the property free from the equities of third persons, irrespective of whether the subsequent purchaser had notice or not. (*Old Settlers Inv. Co.* v. *White,* 158 Cal. 236, 239 [110 P. 922], 77 C.J.S. 1110.) We hold that on this basis the respondents obtained title free of the chattel mortgage. There is no contention that respondents did not pay the value of the unencumbranced business.

██ Under these circumstances they were entitled to have their title quieted as against appellant who claimed a valid chattel mortgage interest. Appellant's contention that they could not reach that result in this action because they did not prove the allegations of any count of it and did not expressly pray that their title be quieted is without merit. The first count of their complaint alleged among other things, in substance, that they bought the directory boards from the executor of the estate of Henry A. Douglas; that defendant claims to be the holder of a chattel mortgage on said boards executed by the deceased as security for a note of $10,000; that no such chattel mortgage was recorded when Douglas died on April 15, 1953; that the estate of said Douglas is and at all times has been insolvent; that if defendant is not enjoined from claiming.the mortgage to be valid it will be a cloud on plaintiffs' title and they will suffer irreparable injury. The prayer is not only for an injunction but also, for a declaration that the chattel mortgage is of no effect and that plaintiffs are owners of the chattels free from any lien. Although said allegations of the complaint, which were not denied, did not show the length of the delay in recordation and therefore the ground of invalidity, there was no demurrer and the delay was shown by the answer and conceded at the trial, where no witnesses were heard. The one question before the trial court was concededly the one of law,

treated hereinbefore, whether the chattel mortgage under the undisputed facts was void as to plaintiffs. ■ In the first count some facts were alleged concerning threats of execution which were denied but said facts were not essential to plaintiffs' cause of action. "In such a case the unnecessary allegation need not be proved and can be treated as surplusage if the defendant is not prejudiced in his defense." (*Demetris* v. *Demetris,* 125 Cal.App.2d 440, 443 [270 P.2d 891] and cases there cited.) ■ The action was of the character of a quiet title action and an injunction from setting up a claim against such title is generally part of the relief afforded. (22 Cal.Jur. 129-130.)

Judgment affirmed.

A petition for a rehearing was denied August 15, 1956, and appellant's petition for a hearing by the Supreme Court was denied September 13, 1956.